### In re DUBERNELL'S ESTATE.

*(Surrogate's Court, Kings County. July, 1888.)*

WILLS—CONSTRUCTION—INTEREST ON LEGACIES—TIME OF PAYMENT.
    A bequest to the minor children of the testatrix by her first husband, share and
    share alike, each having the right to draw his share on becoming of age, no other
    provision being made for them by the will, draws interest from the death of tes-
    tatrix, and the executor must account therefor.

On application by John Neder, legatee under the will of Margaretha Du-
bernell, deceased, for an accounting by Zimmer, the executor of her estate.
    *Henry Fuehrer*, for petitioner. *Jackson & Burr*, for executor.

LOTT, S. The bequest in this matter is contained in the fourth clause of
decedent's will, and reads as follows: "I give and bequeath the sum of
twenty-five hundred dollars, which is deposited by me partly in the German
Savings Bank, corner Broadway and Boerum street, in the city of Brooklyn,
E. D., and partly in the Savings Institution No. three (3) Chambers street,
city of New York, to my three children issued with my first husband, John
Neder, namely, John, Joseph, and Sebastian Neder; for to have the same di-
vided among them in equal share and share alike, but any of those three, John,
Joseph, and Sebastian Neder, by having arrived at the age of twenty-one years,
shall draw his share out of said twenty-five hundred dollars." This is an ap-
plication by John Neder, one of said legatees, who was a minor at the death of
the testatrix, to compel an accounting by the executor based upon a claim that
interest has not been paid from the death of testatrix or the time it was of
deposit. It appears that his share of the principal has been paid, and that
he is now of age. The petitioner, to sustain the claim for interest, contends
that the legacy is specific. It does not appear that the precise sum of $2,500
was on deposit in the banks named; but, whether the legacy is specific, or
simply demonstrative, I think the petitioner is entitled to the interest claimed,
and so interested sufficiently to maintain this proceeding. It is stated in the
opinion of the court in *Brown* v. *Knapp*, 79 N. Y. 136–141: "When there
is a legacy to a minor child, or to an infant as to whom the testator is *in loco
parentis*, and such legatee has no other provision nor any maintenance in the
mean time allotted by the will, the legacy, although payable at a future day,
carries interest from the death of the testator." This authority leads to my
holding that the petitioner is entitled to interest from the date of testatrix's
death, and so entitled to an account. It will be observed that it is not, as
claimed by the executor, essential that the infant legatee has no other prop-
erty upon which he can be maintained. It is sufficient that there is no other
provision nor any maintenance in the mean time allotted by the will. The
executor should account.