[No. 15977.    Department One.—May 25, 1895.]

IN THE MATTER OF THE ESTATE OF PATRICK N. MACKAY, DECEASED. DUNCAN C. MACKAY ET AL., APPELLANTS, *v.* HARRIET SCHENCK MACKAY, RESPONDENT.

ESTATES OF DECEASED PERSONS—BEQUEST TO EXECUTORS IN TRUST—PAYMENT OF INCOME—RIGHTS OF BENEFICIARY—JURISDICTION OF PROBATE COURT.—Where a bequest was made to executors in trust of a sum of money which they were directed to invest, and to pay the income thereof to a beneficiary named, the only right of the beneficiary in the probate court is the right to move the court to make distribution of the fund to the trustees, which the court may grant at any time the circumstances of the estate will warrant it, without awaiting final distribution of the general estate, and the court has no authority to order the executors as such to pay out of the general estate an amount equal to the income to be derived from the investment provided for in the will.

ID.—DISTRIBUTION TO TRUSTEES—LEGACY FOR MAINTENANCE—ALLOWANCE OF INTEREST FROM DEATH OF TESTATOR.—Where it appears that the beneficiary of the trust created by the will had been supported by the testator for a long period, and was in receipt of such support at the time of the making of the will, the bequest in trust of the legacy, the income of which is to be paid to her, is to be considered as a legacy for maintenance under section 1569 of the Civil Code, and will bear interest from the death of the testator; and it is the duty of the court, in distributing the fund to the trustees, also to distribute to them such interest as shall have accrued upon it at the date of the distribution, to be paid to the beneficiary in lieu of the income specified in the legacy, up to the date of the distribution.

APPEAL from an order of the Superior Court of the City and County of San Francisco for payment by the

executors out of the funds of the estate of Patrick N. Mackay, deceased.

The facts are stated in the opinion of the court.

*Oliver P. Evans,* for Appellant.

*Knight & Heggerty,* and *Gaston Straus,* for Respondent.

VAN FLEET, J.—The deceased, Patrick N. Mackay, died, resident of the city and county of San Francisco, on the 21st of April, 1893, leaving a last will, wherein appellants were named as executors thereof. Subsequently said will was duly admitted to probate in the superior court of said city and county, and letters testamentary thereon were issued to appellants.

Among other things the will provided: "Third. I bequeath to my said executors in trust the sum of fifteen thousand dollars, which I direct them to invest in such security as they may deem advisable, and to pay the income thereof to Hattie Schenck, housekeeper, presently residing at No. 16x5 Polk street, in the city and county of San Francisco, state of California, during her life."

In August, 1894, the respondent filed a petition in the superior court, setting up in substance, among other matters not necessary to recite, the fact of decedent's death and the admission of his will to probate, setting out the provision of the will above quoted, and stating that she was the same person referred to in said provision as Hattie Schenck; that notice to creditors had been published and that more than a year had elapsed since its first publication; and that an inventory and appraisement of the estate had been returned showing the value of said estate to be upwards of three hundred thousand dollars. She further alleged that at the time of the death of deceased, and for many years prior thereto, respondent was wholly dependent upon deceased for support and maintenance, and was entirely supported and maintained by him, and that since the death of

deceased she has been without means of support, but dependent upon charity; that the executors of deceased had not paid her, " nor has she ever received any part of said legacy, or income thereof, or any interest thereon, or any thing whatsoever from the said executors or said estate in any manner." And after alleging that the executors entertain a feeling of enmity and malice toward her, and "that they have attempted, endeavored, acted, managed, and conducted the administration of said estate so as and with the design, purpose, and intent to keep petitioner out of and deprive her from receiving or having in any manner any part of the legacy, income, or interest" provided for in said will, and that by reason of their said feeling and conduct they are not fit or proper persons to administer said trust, she prays: " That the said executors may be compelled to hand and pay over unto the said petitioner, Harriet Schenck Mackay, all the moneys whatsoever due in and by virtue of said legacy, together with the legal interest thereon accrued, dating from the death of said deceased up to and including the time of the granting of the relief herein demanded; also that the trust fund hereinbefore mentioned may be taken from the care, custody, control, and management of the said executors, and that a proper and fit person be appointed as trustee to receive, take, hold, invest, manage, and control said legacy for the uses provided in said last will and testament, and that this court make such order or orders and grant such other and further relief as to it may seem just and equitable."

The appellants having answered said petition, a hearing was had, at which evidence was admitted tending to show that respondent was the person named in said bequest; that she had been supported by deceased for some fourteen years consecutively next preceding his death, and that she had no present means of support other than that to be derived from the income provided for in said bequest. Evidence was also admitted of certain oral declarations made by deceased at the time of

giving directions for the drawing of his will, to the effect that he wished to make provision for the invest. ment of such sum as would bring an income of sixty dollars per month, such income to be paid to the respondent during her life.

The court made an order wherein, after reciting the facts found, and its conclusion that said bequest constituted a legacy for the maintenance of respondent, and an annuity to be paid to her from the time of testator's death, it directed: "That the executors of the will of said deceased pay over and deliver out of the funds of said estate unto said petitioner, Harriet Schenck Mackay, she being the same person named in said will as Hattie Schenck, the sum of $960.00, the said sum being hereby adjudged and decreed to be the amount due and accrued and payable under and upon said legacy, at the rate of $60.00 per month, from the 21st day of April, 1893, the date of the death of said Patrick N. Mackay, to the 21st day of April, 1894; and also that said executors pay over and deliver unto said Harriet Schenck Mackay, out of the funds of said estate, the sum of $60.00 on the 21st day of each and every month, commencing with the 21st day of September, 1894, and continuing until the said sum of $15,000.00 provided in said will shall have been invested, and bearing an income as directed in said will, and that then said income shall be paid over and delivered by said executors each month to said Harriet Schenck Mackay.

"It is further ordered that the said sum of $960.00 and said $60.00 per month be paid forthwith out of any money now on hand belonging to said estate, as far as the same can be now paid by said executors; and that such amount thereof as cannot be now paid be paid out of any money hereafter coming into the hands of said executors and belonging to the said estate, after the payment of the legal expenses of administration."

From this order the appeal is prosecuted.

1. We are of opinion the order was unwarranted. The legacy in question is, by its terms, made to the

executors named in trust for the purposes therein expressed. It is not a legacy payable direct to the respondent, and under no circumstances is she entitled to receive any part of the principal sum bequeathed. That sum is to be received and held by the trustees, and they are the only parties to whom the probate court can order it, or any part of it, to be paid. Such an order would constitute a distribution (partial or final).

The right of the respondent is merely that of the beneficiary of the trust, and is confined, by the terms of the will, to the receipt of the *income* to be derived from an investment of the trust fund. This investment is directed to be made by the trustees, and, until the fund is distributed to the latter and an investment of it made, there can be no "income" to be paid to the respondent.

The only right of the respondent *in the probate court* is, therefore, the right to move the court to make distribution of the fund *to the trustees*. This distribution the court could grant, at any time the circumstances of the estate would warrant it, without awaiting final distribution of the general estate.

The petition in this case is not a petition for a distribution of the fund to the trustees named in the will. It seeks rather to have the fund turned over to some other person to be named by the court as trustee—a power the existence of which in the probate court may well be doubted. But even if the petition were sufficient in form the court had no power to make the order complained of. That order distributes nothing to the trustees, but gives to respondent directly something to which she is not entitled under the terms of the will. The will, as we have seen, gives her nothing directly from the estate, much less is she to receive any thing from the general assets of the estate. All that she is entitled to is payment *by the trustees* of the income of the specific fund after distribution of such fund to them. The court, therefore, could have no power to do more than to distribute to the trustees named the fund in question.

It was not authorized to order the payment to respondent of any sum whatever from the funds of the estate, as is the effect of the order appealed from.

2. As it results from the foregoing that the order of the court below must be reversed, and as the petition is, in our judgment, susceptible of amendment so as to entitle respondent to proper relief in the premises, we will notice one other point which will be involved in the future disposition of the matter in controversy: Whether or not the legacy bears interest from the date of testator's death.

The testator's intention in the clause of the will containing the legacy in question must be ascertained " from the words of the will, taking into view the circumstances under which it was made, *exclusive of his oral declarations.*" (Civ. Code, sec. 1318.)

The only evidence as to the circumstances under which the will was made, outside of the testator's oral declarations, is to the effect that respondent had been supported by the testator for fourteen years next before his death. The fact that she is now without means is immaterial. The will does not create an annuity, because it is not " a bequest of certain specified sums periodically." (Civ. Code, sec. 1357.) It is merely a bequest of a specified sum in gross, the income of which (an *uncertain* quantity) is to be paid to another person.

Construing the words of the will, however, in connection with the circumstance that respondent had been supported by the testator for a long period, and was in receipt of such support at the time of the making of the will, we are of opinion that the provision in question created a " legacy for maintenance." It does not seem to be necessary, under section 1569 of the Civil Code, that the legacy should be made directly to the person to be maintained thereby. If made in trust to one " for" the maintenance of another it would seem to fall within that section, and, if so, would bear interest from the death of the testator. In this view it will be the duty of the court in distributing the fund to the trustees also

to distribute *to them* such interest as shall have accrued upon it at the date of such distribution. A fair construction of sections 1368 and 1369 would also seem to require that this interest, when distributed to the trustees, should be deemed to be in lieu of the income specified in the legacy, up to the date of the distribution, and should therefore be paid by them to the respondent as income accrued at that date.

3. A motion was made to dismiss the appeal herein on the ground that the appeal was taken before the order appealed from had been entered at length in the minutes of the court. It is only necessary to say that we think it sufficiently appears from the record that the order had been so entered.

The motion to dismiss the appeal is denied. The order appealed from is reversed and the cause remanded, with directions to the court below to permit the parties to amend their pleadings as they may be advised, and thereupon to take such further proceedings as are not inconsistent with this opinion.

GAROUTTE, J., and HARRISON, J., concurred.