[Sac. No. 2939. In Bank.—August 23, 1919.]

## In the Matter of the Estate of GEORGE ADAMS BALLOU, Deceased.

[1] ESTATES OF DECEASED PERSONS—INTEREST ON LEGACIES.—The matter of interest on legacies, in the absence of provision in the will, is controlled by statute, and under sections 1368 and 1369 of the Civil Code legacies are due and deliverable at the expiration of one year after the testator's decease and bear interest from such time, except legacies for maintenance or to the testator's widow, which bear interest from the testator's death.

[2] ID.—WILL—LEGACY TO ADOPTED DAUGHTER—LEGACY FOR MAINTE-NANCE.—A legacy to an adopted daughter within a few days of

eleven years of age at the date of the making of the will was erroneously found to have not been given or intended to be given as a legacy for maintenance, where the will was entirely silent on the subject except in describing the legatee as the testator's "adopted daughter," and it was shown that the child had received substantial support from the testator for nearly ten years next preceding the making of the will, and was in receipt of such support at the time of his death.

[3] ID.—LEGACY TO MINOR—PRESUMPTION.—A legacy to a minor child by a parent, or one standing *in loco parentis* is, in the absence of other substantial provision in the will for maintenance and in the absence of language indicating a contrary intent, presumed to be a legacy for maintenance.

[4] ID.—LEGACY FOR MAINTENANCE—FAMILY ALLOWANCE AND HOMESTEAD—IMMATERIAL MATTERS.—The determination of the character of a legacy as one for maintenance is not affected by the fact that the legatee is entitled to receive a family allowance for her support pending the settlement of the estate, or by the fact that she did receive such an allowance and a homestead.

APPEAL from a decree of the Superior Court of Tulare County. Stanley A. Smith, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Middlecoff, Scott & Ham for Appellant.

E. C. Farnsworth for Respondent.

ANGELLOTTI, C. J.—Deceased died testate May 31, 1917, leaving an estate aggregating in value nearly eighty-four thousand dollars. On July 6, 1914, when eighty-one years of age, he had legally adopted as his child one Alice May Riley, thereafter known as Alice May Ballou. In his will, executed May 16, 1916, he made provision for her as follows: "Secondly, I give, devise and bequeath to my adopted daughter, Alice May Ballou, the sum of ten thousand dollars in cash." This was the only provision which in any way referred to her. The residue of his property was left to his lawful nephews and nieces. Upon application by her for distribution of this legacy, the court below decreed payment to her in full satisfaction of the legacy, the sum of ten thousand dollars, together with interest from May 31, 1918, which was one year after the death of deceased. We have here an

appeal by such child from the decree in so far as it refused interest for the year immediately following the testator's death. The sole question on the appeal is as to the date from which interest should be paid on the legacy.

The child was within a few days of eleven years of age at the date of the making of the will, and she was, in substantial part at least, supported by deceased from the time of her adoption to the date of his death. The court substantially found that at the time of the death of deceased she possessed no other property or source of maintenance. The evidence showed that she and her mother had been abandoned by the father in the year 1910, and that the father thenceforth had contributed nothing to the support of the child. At the time of the adoption, deceased deposited four hundred dollars in a bank for the support of the child and its mother, and continuously thenceforth she lived either in an apartment provided for her and her mother by deceased, or at a convent school, where the cost of her maintenance was paid by deceased. He also paid bills incurred to provide her with food. Some question appears to have arisen between the mother and deceased as to whether he was furnishing sufficient support, the mother commencing a suit against deceased in March, 1916, to compel him to furnish the same. This action was pending at the time of his death.

[1] In the absence of provision in the will, the matter of interest on legacies is controlled by our statutory regulations in that behalf. By section 1368 of the Civil Code, it is provided that legacies are due and deliverable at the expiration of one year after the testator's decease. Section 1369 of the Civil Code is as follows: "Legacies bear interest from the time when they are due and payable, except that legacies for maintenance, or to the testator's widow, bear interest from the testator's decease." The will here containing no provision on the subject, the question is, whether or no the legacy to Alice May Ballou is one for maintenance. If it is a legacy for maintenance, it must be held under the clear and explicit terms of the statute that it bears interest from the testator's decease. The trial court found that the legacy "was not given or intended to be given to said minor as a legacy for maintenance." [2] We are constrained to hold that this finding is without legal support in the evidence. Whether or not it was intended as a legacy for

maintenance must, of course, be determined from the words of the will, taking into view the circumstances under which it was made, exclusive of the oral declarations of the testator. (Civ. Code, sec. 1318.)    Except for its description of the legatee as "my adopted daughter," the will is entirely silent in this regard.    That the legatee was the adopted daughter of deceased is a conceded fact that must be taken into view in determining the intent and purpose of this legacy.    The effect of the adoption was to establish between deceased and Alice May Ballou the legal relation of parent and child, with all the incidents and consequences of that relation (see *Estate of Jobson,* 164 Cal. 312, [43 L. R. A. (N. S.) 1062, 128 Pac. 938]; *Estate of Darling,* 173 Cal. 221, [159 Pac. 606]), including, of course, the obligation of support of the child by the parent.    [3]    In all jurisdictions in which the question has arisen it appears to be held with practical unanimity that a legacy to a minor child by a parent, or one standing *in loco parentis,* is, in the absence of other substantial provision in the will for maintenance, and, of course, in the absence of language indicating a contrary intent, presumed to be a legacy for maintenance.    As said in 40 Cyc. 2095: "The reason for this exception is founded in the moral and legal obligation of parents to provide for the necessities of their offspring, and from the presumption that they do not generally intend to leave their children in destitution and want during the most helpless periods of their infancy." (See 2 Woerner on American Law of Administration, star p. 1005; *Brown* v. *Knapp,* 79 N. Y. 136, 142; *Needer* v. *Zimmer,* 3 N. Y. Supp. 133; *In Re Keech's Estate,* 240 Pa. St. 491, [87 Atl. 623].)    In so far as the evidence of circumstances proper to be taken into consideration is concerned, there is nothing to rebut this presumption.    In fact, such evidence affirmatively shows appreciation by the testator of his obligation to support his child, and substantial support by him from the time of adoption to the time of his death.    Construing the words of the will in the light of the relationship between the parties, and in connection with the circumstance that the child had received substantial support from the testator for nearly ten years next preceding the making of the will, and was in receipt of such support at the time, "we are of the opinion," as said in *Estate of Mackay,* 107 Cal. 303, 308, [40 Pac. 558],

"that the provision in question created a 'legacy for maintenance.'"

[4] That under the law regulating the administration of estates of deceased persons the legatee was entitled, as the child of deceased, to receive a family allowance for her support pending the settlement of the estate we regard as entirely immaterial in this connection. Such a situation in no way affects the question of the character of the legacy as being one for maintenance or otherwise. Notwithstanding the right to family allowance for the few months of pendency of administration, the legacy is still a "legacy for maintenance," and, in so far as the matter we are discussing is concerned, section 1369 of the Civil Code puts *all* legacies for maintenance on the same footing as legacies to the testator's widow, and expressly provides that both of these classes of legacies shall bear interest from the date of the testator's death, in the absence, of course, of provision to the contrary in the will. In this regard we are bound by the plain, unambiguous terms of the statute. The character of the legacy as a legacy for maintenance being established, the result prescribed by the statute necessarily follows.

That the legatee, as a minor child of deceased, was in fact allowed, and did in fact receive, a family allowance pending administration, as well as a homestead, we must likewise regard as immaterial on this appeal. Obviously such matters can have no bearing on the question of the character of the legacy, and are material, if at all, only upon some such theory as that by accepting certain benefits given her as the child of the deceased by statute, she has elected to take those benefits in place of certain benefits given her by the will. There is, however, nothing in the will upon which it may be claimed that the child was put to an election in this matter, and this being so, her receipt of the benefits accorded her by the law as a child of deceased from the funds of the estate in no way affects her rights as a legatee. (See *Estate of Cowell*, 164 Cal. 636, [130 Pac. 209].)

In so far as the decree disallows interest on appellant's legacy for the year commencing May 31, 1917, it is reversed.

Shaw, J., Wilbur, J., Olney, J., Lennon, J., Lawlor, J., and Melvin J., concurred.