[Civ. No. 8159.  Second Appellate District, Division One.—August 9, 1932.]

In the Matter of the Estate of THOMAS McGIRL, Deceased. LEORA BRANCH, Respondent, v. P. M. BARBE, as Executor, etc., Appellant.

Thad Smith and Edmund Nichols for Appellant.

Todd, Pawson, Watkins & Anderson for Respondent.

CONREY, P. J.—Upon the twenty-ninth day of September, 1930, Thomas McGirl, a resident of the county of Los Angeles, died, leaving an estate, the larger part of which was located in Montana and a small part at Long Beach, in Los Angeles County, California. The will of decedent, together with two codicils, was duly admitted

to probate, and on November 30, 1930, letters testamentary were issued to the executor, P. M. Barbe, who proceeded with the administration of the estate.

In the first codicil to the will the testator made provision for the benefit of one Leora Branch as follows: "As Mrs. Leora Branch has been a good help in taking care of me, I thereby give, devise and bequeath to my niece, Nellie H. Barbe, IN TRUST, the sum of Five Thousand Dollars ($5,000.00), the interest upon said sum to be paid to the said Leora Branch in equal monthly installments of Twenty-five Dollars ($25.00) per month during the natural life of said Mrs. Leora Branch, provided the said Mrs. Leora Branch remains with me to the time of my death, and at her death, then said principal sum of Five Thousand Dollars ($5,000.00) to become the property of my said niece, Nellie H. Barbe, to be hers absolutely and forever.

"In the event Mrs. Leora Branch does not remain with me until my death, then in that event, I hereby give, devise and bequeath the said sum of Five Thousand Dollars ($5,000.00) to my niece, Nellie H. Barbe, to be hers absolutely and forever."

On March 3, 1931, Mrs. Branch filed in the matter of said estate a petition based upon said provisions of the codicil, and asking for the payment to petitioner of the sum of $25 per month. An order to show cause was issued, notice given, and answer filed by the executor, and the issues presented were tried by the court. Thereafter the court made an order wherein it was recited that by virtue of the terms of said codicil the decedent intended to and did create a maintenance trust for the petitioner Leora Branch, payable as of and from the date of the death of Thomas McGirl; and Mrs. Branch did remain with the decedent as intended by the provisions of said codicil, and was actually being supported by him at the time of his death. Thereupon it was ordered that the executor make distribution to Nellie H. Barbe, in trust, during the lifetime of Leora Branch, with directions to said trustee to pay the sum of $25 a month from and after the death of Thomas McGirl to Leora Branch. Provision was made for the filing of bonds, apparently to conform with the provisions of sections 1658 to 1662 of the Code of Civil Procedure. The executor has appealed from the judgment.

■ In the briefs there has been some suggestion that the proceedings in the court below might be considered as an action for declaratory relief brought under the provisions of section 1060 et seq. of the Code of Civil Procedure. We are of the opinion that the parties and the court below correctly proceeded upon the theory that the proceeding was one belonging within the scope of proceedings in course of administration, and was not an action for declaratory relief.

It is contended by appellant that the court erred in finding that Mrs. Branch remained with decedent until the time of his death as intended by the codicil; and in finding that the provisions of the codicil established a maintenance trust; and in decreeing that the allowance was payable at and from the death of the testator; and in ordering the executor to make distribution to Nellie H. Barbe in trust, and in directing the trustee to pay to Mrs. Branch the sum of $25 a month from and after the death of McGirl. There are other points listed, but those above specified will be sufficient for this decision.

■ We are satisfied that the codicil was properly construed as one establishing a maintenance trust, and also that the evidence was sufficient to warrant the court in determining that the petitioner did remain with the decedent to the time of his death under circumstances which sufficiently complied with that provision of the codicil. ■ It was appropriate that the income provided to be paid out of the trust fund should be payable beginning with the time of the death of the testator. (*In re Mackay's Estate,* 107 Cal. 303 [40 Pac. 558, 559].) ■ The cited case is also authority for the rule that as beneficiary of the trust the petitioner had the right in the probate court to move the court to make distribution of the fund to the trustee. "This distribution the court could grant, at any time the circumstances of the estate would warrant it, without awaiting final distribution of the general estate."

■ But while we think that so far as the questions above noted are concerned a correct decision was made, it will for other reasons be necessary to reverse the order and remand the case for further proceedings in accordance with this opinion. The first reason is that there is not in the record any evidence to support a finding or implied finding that

the executor had in possession funds with which to comply with the order and pay over the trust fund to the trustee. To meet this point it has been suggested that the court might take judicial knowledge of the steps which had been taken in the process of administration, and that it must be presumed here that the court, in the form of such judicial knowledge, had before it the necessary evidence. But no attempt has been made to show to this court that in fact there was any such evidence contained in the record of the proceedings in course of the administration of the estate. We assume, therefore, that if we were to agree with the suggestion thus made, and if accordingly we should send for the files showing the said probate proceedings, we would not find that there was in the record any evidence that the necessary funds were in the hands of the executor. Such intimations as we can find in the record indicate the probability that there were not such funds; although it may be that on completion of the ancillary proceedings of the estate in Montana a large sum of money will come into the hands of this executor. The second reason why the order as made cannot be sustained lies in the fact that it is a flat order for the payment of the sum of $25 a month instead of being, as it should be, an order for the payment of money at that rate, but not exceeding the actual net income received or which under proper management should be received as interest on said trust fund. It may well be that the interest on said $5,000, either with or without any deduction of taxes or other necessary expenditures, would be less than $25 per month.

The order is reversed, with instructions to the lower court to proceed in accordance with this decision.

Houser, J., concurred.

York, J., dissented.