18 Cal.2d 184 (1941)
Estate of ANGELA L. MARRE, Deceased. STEPHEN MILTON PIUMA, Respondent,
v.
HENRY L. MINETTI et al., Trustees, etc., Appellants.
L. A. No. 17292. 
Supreme Court of California. In Bank. 
June 27, 1941.
 Dockweiler & Dockweiler for Appellants.
 Canepa & Castruccio and Horace W. Danforth for Respondent.
 Andrew F. Burke, as Amicus Curiae, on behalf of Respondent.
 GIBSON, C.J.
 This appeal is brought from an order of the Superior Court of San Luis Obispo County in a probate proceeding. The order directed appellants, as trustees under a testamentary trust, to make further payments to the respondent beneficiary, Stephen M. Piuma, covering the period between decedent's death and the entry of the decree of final distribution. The decedent bequeathed and devised the residue of her estate to appellants in trust. The will provided in part: "(d) Said trustees shall during the existence of said trust, either monthly, quarterly or semiannually, as the circumstances and conditions of said trust estate will the most conveniently permit, but in any event annually, distribute *186 and pay out of the net income of said trust estate such part thereof as said trustees shall in their sole judgment deem advisable to or for the proper care, maintenance, support and education of my said grandson Stephen Milton Piuma so long as, in their sole judgment, his education is incomplete, and the balance, if any, of said net income to my daughter Rosa J. Marre Piuma. ..." Decedent died June 14, 1933, and the decree of distribution was rendered on December 21, 1937. At the time of decedent's death the respondent, Stephen M. Piuma, was not yet eighteen years of age and was still a student in high school. In September, 1934, he entered the University of Southern California, where he remained for one scholastic year, and in August, 1935, he entered the University of Santa Clara where he was a student on March 6, 1939, when the petition here involved was filed. The petitioner asked that the court instruct the trustees to make certain payments to reimburse him for expenses incurred for support, maintenance and education during the period prior to the entry of the decree of final distribution. The superior court granted the petition in part, and ordered the appellants to make payments totaling $650.00 for expenses incurred by the beneficiary during the years 1935, 1936, and 1937. It is from this order that the present appeal was taken.
 [1] Appellants urge that the order made in favor of the beneficiary is void because the superior court, sitting in probate, has no jurisdiction over such a petition. It is pointed out that the probate jurisdiction of the superior court is statutory in nature, and is strictly limited by the terms of the statute conferring such jurisdiction. (Estate of Davis, 136 Cal. 590, 597 [69 P. 412]; Parkman v. Superior Court, 77 Cal.App. 321, 323 [246 P. 334]; Estate of Hubbell, 121 Cal.App. 38, 41, 42 [8 PaCal.2d 530].) Probate Code, sec. 1120, provides: "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass ... or settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth. ... Any trustee ... may ..., render for settlement his accounts and report his acts as such trustee. ... The trustee may also petition such court, from time to time, for instructions as to the administration of the trust. ..." Appellants contend that this section confers probate jurisdiction *187 upon the superior court for the limited purpose of hearing petitions brought by the trustee. Therefore, it is said, the present petition brought by the beneficiary was outside the jurisdiction of the court, sitting as a probate court.
 This contention is disposed of by the decision in Estate of Smith, 4 Cal.App.2d 548 [41 PaCal.2d 565], a case involving this point which seems to have escaped appellants' attention. In that case a petition brought by one of the beneficiaries under a testamentary trust was heard before the superior court in probate some seven years after the entry of the decree of final distribution in the estate. In answer to the argument that the court had jurisdiction under Probate Code, sec. 1120, only where the proceeding was instituted by the trustee, the court said (supra, p. 552): "The wording of said section 1120 is sufficiently broad in its scope to give the court jurisdiction over the present controversy. ... We believe the language employed in the present section of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." This language was quoted with approval by this court in Estate of Smead, 12 Cal.2d 20, 24 [82 PaCal.2d 182]. It follows that appellants' contention in this regard cannot be sustained, and that the court below was acting within the jurisdiction conferred upon it by section 1120 of the Probate Code.
 [2] Appellants also contend that even if the court acted within its probate jurisdiction, the order directing payment to the beneficiary for the period prior to the decree of distribution is erroneous. Ordinarily, it is said, the beneficiary has no right to receive payments under the terms of the trust instrument until the trust property is distributed to the trustees. An order directing payments covering the period prior to the decree of distribution is said to be improper unless the will contains an express direction that the payments are to accrue from the date of the testatrix' death, or unless a similar result is reached under established principles for ascertaining the testator's intent as, for example, by the creation of an annuity under Probate Code, sec. 162. That section provides: "Legacies are due and deliverable one year after the testator's death and bear interest from that time, except *188 that legacies for maintenance or to the testator's widow bear interest from the testator's death. Annuities commence at the testator's death." After pointing out that the will in this case contains no express direction, the appellant trustees devote their briefs to the proposition that the testamentary disposition involved here did not create an annuity, citing Clayes v. Nutter, 49 Cal.App. 148 [192 P. 870], and Estate of Watson, 32 Cal.App.2d 594 [90 PaCal.2d 349]. No one, including the respondent beneficiary, challenges the accuracy of this proposition since an annuity must consist of a "bequest of certain specified sums periodically." (Prob. Code, 161, subd. (3).)
 [3a] The absence of an express direction that the payments were to accrue from the date of her death does not establish conclusively, however, that the testatrix had no such intent. The intention of the testatrix is the determining factor (Probate Code, sec. 163), and that intent is to be gathered from the instrument as a whole. (Prob. Code, 103; Estate of Peabody, 154 Cal. 173, 178 [97 P. 184].) The terms of the will clearly indicate that this trust was created for the specific purpose of providing maintenance and support for the testatrix' grandson, the beneficiary herein. Indeed, if the will itself did not refer to this bequest as a trust for maintenance and support, the surrounding facts and circumstances would compel that conclusion. (See Estate of Ballou, 181 Cal. 61 [183 P. 440].) The evidence shows that respondent was the grandson of the testatrix, that he had been supported by her, and that she had definite plans for his future education. Respondent was a minor at the date of the execution of the will and at the date of the testatrix' death, and this trust is the only provision made for the respondent in the will. Under like circumstances it has been held that the payments under such a trust for support and maintenance were intended to accrue from the date of the testator's death. In Estate of Dare, 196 Cal. 29, 38 [235 P. 725], this court stated the rule which we think governs the present case: "By both reason and authority we are compelled to the conclusion that the respondent's right to the income to be derived from the trust properties must be held to have relation to the death of the testatrix. As to the reason of the situation it would seem to follow that if, as we hold, the provision in said will and in the trust clauses thereof were intended by the testatrix *189 to be in the nature of a bequest for the maintenance of her adopted daughter who, as has been shown, ... had theretofore been supported and maintained by her adopting parents during their lifetime, such intention ought to have relation to a time from and after the death of the testatrix, since by that means only could continuity of such maintenance be assured."
 [4] The holding in Estate of Dare is based upon an analogy to the common-law doctrine according special consideration to legacies for support and maintenance. Thus, although it was well established at common law, where no directions were given by the testator, that legacies were payable one year after the testator's death and bore interest from that date, legacies for support and maintenance accrued at the date of the testator's death and bore interest from that time. (Cooke v. Meeker, 36 N.Y. 15, 18; Note Ann. Cas. 1912B, 245; see 39 Yale L. J. 591.) This doctrine was based upon the testator's presumed intention under the circumstances to provide uninterrupted support for a beneficiary accustomed to rely upon such support. (Brown v. Knapp, 79 N.Y. 136, 142; Reid v. Dodge, 44 App. D. C. 558, 562; Note 70 A.L.R. 636, 638.) This rule has been incorporated into the Probate Code and, in the absence of a contrary intent, legacies for maintenance bear interest from the date of the testator's death. (Prob. Code, sec. 162.) This is true even though the legacy is in trust. (In re Mackay, 107 Cal. 303 [40 P. 558]; Estate of McGirl, 125 Cal.App. 310 [13 PaCal.2d 746]; see In re Pearson's Estate, 251 Pa. 612 [97 Atl. 71].) It is true, of course, that a trust for support and maintenance, created by a residuary devise including both real and personal property, is not technically a legacy for maintenance, since a legacy is ordinarily a bequest of money or personal property. (Estate of Ross, 140 Cal. 282, 290 [73 P. 976]; Thompson, Wills (2d ed.), p. 19, sec. 11; 24 Words & Phrases, 517.) Identical considerations are involved, however, in ascertaining the testator's intent whether the gift is a legacy for maintenance, a trust of personal property for that purpose (cf. In re Mackay, supra), or a similar trust consisting of both real and personal property. (See Estate of Dare, supra.) The nature of the property placed in trust should not require different conclusions where it appears that the testator's motives and desires were identical. [3b] We are *190 compelled, therefore, in accord with our decision in Estate of Dare, supra, to hold that the testatrix is presumed to have intended that the payments for the beneficiary's support should accrue from the date of her death, under the circumstances here presented.
 [5] It is true that during the administration of the estate, and prior to the distribution of the trust property to appellants, the beneficiary could not have brought action to compel payment against either the trustees or the executors of the estate. (In re Mackay, supra; Estate of Dare, supra.) The executors were under no duty to make payments and the trustees could not be compelled to make payment prior to the distribution of the trust property to them. The beneficiary's remedy during that period is confined to asking the probate court to distribute a portion of the trust funds to the trustees to be used for his support. (See In re Mackay, supra, p. 307; Estate of McGirl, supra, p. 313.) The rule preventing suit during this period relates to the time at which the trustees may be compelled to make actual payment, however, rather than to the date at which the right to support commenced. Thus, after the property was distributed to the trustees, payment should have been made for the respondent's support and maintenance commencing from the date of testatrix' death.
 [6] The amount to be paid for the beneficiary's support, however, was to be determined in the sole judgment of the trustees. The order of the superior court sought to specify the exact amount of the payments to be made to the beneficiary. It is well settled that the courts will not attempt to exercise discretion which has been confided to a trustee unless it is clear that the trustee has abused his discretion in some manner. (Hallinan v. Hearst, 133 Cal. 645, 648 [66 P. 17, 55 L.R.A. 216]; Cromwell v. Converse, 108 Conn. 412 [143 Atl. 416, 61 A.L.R. 663]; 4 Bogert, Trusts and Trustees (1935), p. 2347, sec. 811; 2 Scott, Trusts (1939), p. 986 et seq.; 26 R. C. L., p. 1373, sec. 234; Restatement, Trusts, sec. 187.) In the present case the refusal of the trustees to make payment for the period between the death of the testatrix and the date of distribution of the trust estate to them was based upon the belief that any such payment would be improper. There was no attempt on the part of the trustees to fix the amount and, hence, there could be no abuse of discretion in this regard. The amounts to be paid should therefore be determined in the discretion of the trustees. *191
 The order appealed from should be modified to direct that the trustees determine, in their discretion, the amounts necessary for respondent's maintenance during the period commencing with the death of the testatrix and until the entry of the decree of distribution. The trial court is directed to so modify the order, and when so modified, the order will stand affirmed, costs upon this appeal to be borne by appellants.
 Shenk, J., Edmonds, J., Traynor, J., and Carter J., concurred.