62 Cal.App.2d 958 (1944)
Estate of CLARA B. HARDY, Deceased. LESTER E. HARDY, Appellant,
v.
CALIFORNIA TRUST COMPANY, as Executor, etc., Respondent.
Civ. No. 14278. 
California Court of Appeals. Second Dist., Div. One. 
Feb. 18, 1944.
 Lester E. Hardy in pro. per., and Victor A. Gillespie for Appellant.
 Reynolds & Painter for Respondent.
 DORAN, J.
 This is an appeal from an order of the superior court denying appellant's petition for partial distribution.
 The deceased, Clara B. Hardy, executed her last will and testament on April 19, 1927. She died July 17, 1942. The will recited, "Second: I declare that I am a widow, and that I have one child living, to-wit, a son, Lester Edwin Hardy." Following certain bequests, the pertinent part of the will provided, "(c) I direct that my said Trustee shall pay all of the net income from said trust estate to my said son, Lester Edwin Hardy, in such installments as my Trustee shall determine, as long as my said son shall live. (d) Upon the death of my said son, I direct that said trust shall terminate, and that all of the trust property then remaining in the hands of said Trustee shall be paid and distributed to my heirs-at-law, according to the Statute of Descents of the State of California, as the same shall then exist."
 The court found as a fact that deceased "left no surviving spouse or issue or descendant of deceased issue except the petitioner, Lester E. Hardy, who is her sole surviving issue"; that petitioner had theretofore filed a petition to revoke the probate of said will; that said petition was denied. The court concluded as a matter of law that the wording of the will establishes a valid trust.
 It is appellant's contention that the trust created by the *960 will is invalid and that therefore distribution under the laws of succession should be ordered. It is also contended that the will provides for an unlawful accumulation of income.
 [1] It is argued by appellant that the trust is invalid because although the death of the beneficiary terminates the trust, nevertheless, the will further provides that "the trust property then remaining in the hands of said trustee shall be paid and distributed to decedent's heirs at law." Thus, it is argued, the power of alienation is suspended between the date of the death of Lester E. Hardy and the date of payment. The contention is without merit. The will expressly provides that the trust shall terminate upon the death of Lester E. Hardy; and the intention of the testatrix, thus clearly expressed, must be carried out. If any trust could be said to exist after Lester Hardy's death, such trust would merely be one imposed by law because of the circumstances then prevailing. The resulting trust thus arising would be distinct from the testamentary trust created by Mrs. Hardy's will; and the testamentary trust could not therefore be said to extend beyond the life of Lester E. Hardy; and the resulting trust, if any, would not be within the statute against perpetuities. (See Estate of Steele, 124 Cal. 533, at 540 [57 P. 564]; Estate of Hamon, 136 Cal.App. 517, at 520 [29 P.2d 326].) Upon the termination of every trust it is the duty of the trustee to pay over the corpus of the trust to those entitled thereto; and since the will clearly provides that the trust shall terminate upon the death of Lester E. Hardy, the fact that the will also provides that the trust property remaining in the hands of the trustee shall be paid and distributed to decedent's heirs at law is without any greater significance than in the case of any such trust for the life of a particular individual.
 [2] Appellant, by his argument, seeks to attack the validity of the trust created for his life by attacking the validity of the remainder interest created to take effect upon his death. In this, appellant must necessarily fail. The question as to the character or validity of the remainder interest can have no bearing upon the trust for the life of appellant, because the trust in question does not depend upon the nature of the remainder interest; and the two provisions are clearly separable. (Nellis v. Rickard, 133 Cal. 617 [66 P. 32, 85 Am.St.Rep. 227]; Estate of Troy, 214 Cal. 53, at 59 [3 P.2d *961 930].) In Estate of Murphy, 104 Cal. 554 [38 P. 543], the question of whether an estate for life can be defeated by an uncertainty as to what may come after the death of the tenant, was answered in the negative. Moreover, if the testatrix had not provided for disposition of the remainder interest, the trust for the life of appellant Hardy would still be valid. (See In re Reinhardt, 74 Cal. 365 [16 P. 13].)
 [3] Appellant's contention as to the accumulation of income under the trust is equally without merit. Section 724 of the Civil Code reads as follows: "An accumulation of the income of property may be directed by any will, trust or transfer in writing sufficient to pass the property or create the trust out of which the fund is to arise, for the benefit of one or more persons, objects or purposes, to commence within the time in this title permitted for the vesting of future interests and not to extend beyond the period limiting the time within which the absolute power of alienation of property may be suspended as prescribed by law." It is obvious from the provisions of the will above quoted that accumulation of income from the trust could not extend beyond the life of appellant, as the trust itself terminates upon his death.
 [4] Appellant claims that even though the trust is valid the court erred in denying appellant's motion for partial distribution, stating, "There is neither statute nor decision which can sustain a refusal to order the income from this trust delivered to the beneficiary." Respondent contends that where a will creates a valid trust, the court has no power to order the executor to transfer the income to the beneficiary prior to distribution to the trustee. Respondent's contention is directly upheld by In re Mackay, 107 Cal. 303 [40 P. 558]; and is also sustained by Estate of Marre, 18 Cal.2d 184 [114 P.2d 586], and Estate of Dare, 196 Cal. 29 [235 P. 725]. Respondent also correctly points out that the rule enunciated by In re Mackay, supra, is not affected by Estate of Platt, 21 Cal.2d 343 [131 P.2d 825], which latter case is concerned with the accrual of the income of a trust and the payment thereof from the date of the testator's death in accordance with the provisions of section 160 of the Probate Code. Such a question is distinct from that of whether income may be distributed to a beneficiary before the trust estate is distributed to the trustee. While income may accrue, and a *962 beneficiary be entitled to be paid income dating from a testator's death, it does not follow that the income shall be distributed to the beneficiary prior to distribution of the estate to the trustee. The two cases cited by appellant in support of his contention are not applicable here. Estate of Friedman, 171 Cal. 431 [153 P. 918], was concerned with a trust of an entirely different nature than the trust here in question. The Supreme Court pointed out in the Friedman case, supra, that there is much authority of weight to the effect that a devise or bequest to the trustees or directors of a charitable institution is a devise or bequest to the institution itself. In that case there was a devise to a certain charitable society in trust for the purpose of building a hospital and suitable home. The devise there in question was more analogous to a direct gift than to a devise in trust for payment of income to a beneficiary. In Estate of Cavarly, 119 Cal. 406 [51 P. 629], distribution was sought on the ground that the trust was void, the trial court so found and the judgment was affirmed.
 The order is affirmed.
 York, P. J., and White, J., concurred.