[Civ. No. 14018.   First Dist., Div. One.   June 30, 1949.]

Estate of ADOLPH PETERSON, Deceased.   HILMA PETERSON, Appellant, v. AMERICAN TRUST COMPANY, as Executor, etc., Respondent.

Breed, Robinson & Stewart for Appellant.

Ben F. Woolner and Donahue, Richards, Rowell & Gallagher for Respondent.

PETERS, P. J.—Hilma Peterson, life beneficiary of a testamentary trust, appeals from an order denying her petition for partial distribution, and from the decrees of partial distribution and settlement of the executor's account "in so far as said decrees are in conflict with the partial distribution sought by Hilma Peterson in her petition for partial distribution."

We are of the opinion that the orders and decrees appealed from must be affirmed, and that the main point discussed by appellant in her briefs cannot be considered on this appeal.

There is no dispute over the facts. Hilma Peterson is the surviving wife of Adolph Peterson, whose will was admitted to probate on June 28, 1946. By that will the American Trust Company was named executor, and also trustee of the trust created by the will. By the terms of that testamentary trust the trustee was devised the residue of the estate, and was required to "pay to my said wife, HILMA M. PETERSON, monthly and during the term of her natural life, the entire net income of said trust estate."

The American Trust Company was, in due course, appointed executor. On May 2, 1947, the executor petitioned the probate court for an order confirming the sale of a three-eighths partnership interest in Peterson Manufacturing Company, an asset of the Peterson estate, to Nels P. Peterson. Attached to the petition is a copy of the proposed purchaser's bid of $209,380.49 [sic $209,280.49], which describes the interest sought to be purchased as follows: "The three-eighths (3/8ths) interest of the estate of said decedent in that certain partnership known as PETERSON MANUFACTURING CO., . . . of which the undersigned, NELS P. PETERSON and RICHARD B. MORTIMER and said decedent were co-partners, said interest to be exclusive of all undistributed profits, or earnings, accrued to, or payable to said decedent prior to the date of the death of said decedent, May 21, 1946, but expressly inclusive of the undistributed profits, or earnings on said interest from the date of the death of said decedent, to and inclusive of the date of the confirmation of sale contemplated to be made by the above-entitled Court . . . said profits or earnings on said interest from the date of death of said decedent, to and inclusive of the 31st day of December, A. D. 1946, to be free and clear of all income taxes; but the profits or earnings on said interest from and inclusive of the 1st day of January, A. D. 1947, to and inclusive of the date of confirmation of

sale (contemplated to be made as a result of this offer) to be subject to income taxes on said profits or earnings for said last mentioned period and payable by the undersigned bidder, whether or not assessed against the undersigned bidder, or the estate of said decedent, with the understanding that if said income taxes are assessed against the estate of said decedent and made payable by the estate of said decedent, that the undersigned will pay to the estate of said decedent, prior to delinquency, the pro rata portion of all the income taxes payable by the estate of said decedent for the year 1947, according to the ratio of the taxable income on the profits, or earnings of said partnership to the total taxable income of said estate.''

The appellant approved the petition for confirmation, and a copy of her approval was also attached to the petition. It reads as follows: ''I, HILMA PETERSON, widow of said decedent, hereby acknowledge that I have read the foregoing Petition for Order Confirming sale of Partnership Interest and the exhibit attached thereto, and, having been fully advised as to my rights in connection therewith by independent counsel, namely the law firm of Breed, Robinson & Stewart, hereby fully approve and ratify said petition.''

The probate court confirmed this sale by an order containing the following language: ''IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said Executor be, and it is, hereby authorized and directed to allocate said sum of $209,280.49 as follows:—$105,546.49 thereof to earnings of said three-eighths interest in said partnership from May 21st, 1946, the date of the death of said decedent, to and including the 31st day of December, 1946, and $103,734.00 thereof to the remaining value of the said estate's three-eighths interest in the real and personal property owned by said partnership at the date of the death of said decedent.''

The $209,280.49 was paid to the American Trust Company as executor, and the executor was reimbursed for a portion of the taxes, the final computation for that item not being complete.

On January 30, 1948, two petitions were filed by the executor, one the ''Executor's First Account, Report Accompanying Same and Petition for Decree Settling Account and Approving Report,'' and the other a ''Petition for Partial Distribution of Estate.'' The first document, among other items, sets forth that Hilma Peterson was paid on March 5, 1947, the sum of $52,319.37 ''the same being her alleged share

of the community earnings of decedent and herself during their married life," and further, that she was paid "as family allowance the sum of $30,600.00," at the rate of $1,800 per month. With reference to the sale of Adolph's interest in the partnership the report states: "That among the assets of said estate was a three-eighths interest in PETERSON MANU-FACTURING COMPANY, a co-partnership, of Los Angeles, California; that said three-eighths interest was duly sold to NELS PETERSON for the sum of $209,280.40 [sic $209,280.49], and, by proceedings duly had and taken to the end, on the 13th day of May, 1947, said sale was duly confirmed by said Court."

By the petition for partial distribution the executor prayed for a decree distributing all of the estate described in an exhibit to the petition to the American Trust Company as trustee of the testamentary trust.

On March 16, 1948, Hilma Peterson filed a petition "For Partial Distribution of Estate, Objections to Executor's First Account, and Executor's Petition for Partial Distribution." This is one of the key pleadings involved on this appeal inasmuch as it is the denial of this petition that appellant now seeks to have reversed. By this petition appellant "requests distribution to her of the income derived from the devise and bequest contained in Paragraph Fourteenth of the last will and testament of the above named decedent, and objects to the approval of the first account and the granting of the petition of the executor for partial distribution only to the limited extent that said account and said petition are in conflict with this petition for partial distribution." For this limited purpose, after setting forth that appellant was a beneficiary under the will of Adolph Peterson, it is averred that income derived from the property devised under Paragraph Fourteenth of the will includes the items of income described in the executor's first account, certain other items, and "Income received from that certain three-eighths interest in Peterson Manufacturing Company"; that "Your petitioner is unable to determine the amount of income received" from the interest in that company, but that "the petition for order confirming sale" sets forth "That the sum of $105,546.49, a portion of said cash bid of the said Nels P. Peterson, represents the earnings of said three-eighths interest, in said partnership for the period from May 21st, 1946, to and including December 31st, 1946, which said sum was included in the income tax return, which was required to be filed by your petitioner, and upon which the appropriate tax was paid."

It is further averred that Mrs. Peterson "expressly consents to the distribution to American Trust Company, as trustee" as prayed for by the executor "except only to the extent that the assets described in said petition for partial distribution and in said account might be required for partial distribution of income pursuant to this petition, and to that extent, and that extent only, your petitioner objects to the approval of said account and the granting of said petition for partial distribution of estate."

It will be noted that there is no suggestion in this pleading that the assets should be distributed to the trustee subject to instructions. The theory of the pleading is that the questioned fund should be distributed to Mrs. Peterson. That this was her theory is demonstrated not only by the quoted portions of her pleading, but by the prayer of her petition. It reads as follows: "WHEREFORE, your petitioner prays that partial distribution be made to her of income derived from the assets described in Paragraph Fourteenth of the last will and testament of the above named decedent, . . .; that the remaining assets distributable under said Paragraph Fourteenth . . . be distributed in accordance with the executor's petition for partial distribution . . .; that except as inconsistent herewith, said executor's first account on file herein be approved."

On April 7, 1948, the American Trust Company, as executor, filed its objections to the granting of the petition of Mrs. Peterson for partial distribution. It alleges that the accounts of the executor are correct and that Mrs. Peterson is not entitled to have the $105,546.49 distributed to her because she has waived, in writing, her claim thereto. The circumstances of the sale to Nels Peterson are fully set forth.

On April 29, 1948, there was a hearing before the probate court on these matters. The hearing was very brief. F. H. LaVigne, trust officer of the American Trust Company, was the sole witness. The total reporter's transcript of that hearing is seven and one-half pages in length. For the most part, the testimony deals with proof of the correctness of the submitted accounts. Thereafter, on June 15, 1948, the probate court filed its decree to the effect that the submitted accounts of the executor "be, and they are, hereby settled and allowed and approved as rendered, and that said Report and Petition, and all of the acts of said Executor therein set forth, including all sales of personal property, be, and they are, hereby ratified, confirmed and approved." Mrs. Peterson's

objections to the executor's accounts were overruled. The court also ordered partial distribution to the bank as trustee, finding that because of tax problems, final distribution cannot be had until some uncertain time in the future, but that, in order to protect Mrs. Peterson in her rights to monthly income, partial distribution should now be had. The trustee was specifically ordered to pay Mrs. Peterson, monthly during her lifetime ''the entire net income of said trust estate.'' Not one word was said in the orders of the court as to whether the fund here involved was to be treated as income or corpus by the trustee.

Mrs. Peterson has appealed from the order denying her petition for partial distribution, and from the decree of partial distribution ''in so far as said decrees are in conflict with the partial distribution sought by Hilma Peterson in her petition for partial distribution.''

Appellant contends that, as the widow of the testator and as life beneficiary under the trust, she is entitled to income from the date of the death of decedent. This is undoubtedly the law (*Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825]), and is not disputed by respondent. Appellant next urges that the probate court, by its order confirming the sale to Nels Peterson, finally and conclusively determined that $105,546.49 of the purchase price should be allocated to income, and that, even if that order did not determine this point, as a matter of law such amount should have been allocated as income and distributed to her as such income. The question as to whether the $105,546.49 is income of the decedent's estate or part of the corpus, presents a very interesting legal question, but that question was never before the probate court, was not decided by it, and is not before this court on this appeal. We have reviewed the record at some length in order to demonstrate that the issue that was before the probate court was whether this fund should be distributed to appellant or to the trustee. The pleadings, the oral testimony, the orders of the probate court and the notice of appeal demonstrate that this is so. At the time of oral argument counsel for respondent stipulated that the probate court has never decided whether the fund in question is income or corpus.

The question as to whether the disputed fund should be distributed to the trustee or to appellant does not involve in any way a determination of whether the fund is income or corpus. That is so because whether or not that fund is income or corpus, it had to be distributed to the trustee. It has long

been the law of this state that income accruing prior to distribution is distributable along with the corpus in the hands of the executor to the trustee regardless of whether or not the life beneficiary may be entitled to receive that income from the trustee. (*In re Mackay,* 107 Cal. 303 [40 P. 558] ; *Estate of Dare,* 196 Cal. 29 [235 P. 725] ; *Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586] ; *Estate of Platt,* 21 Cal.2d 343 [131 P.2d 825] ; *Estate of Hardy,* 62 Cal.App.2d 958 [145 P.2d 910].) It therefore follows that the questioned fund was properly distributed to the trustee whether or not it was income. Throughout this proceeding it has been appellant's theory that if she could prove the fund to be income, it would be distributable to her. At this late date she cannot change that theory upon which the case was tried and decided. Under the law, the fund, whether income or corpus, had to be distributed to the trustee. It follows that the question whether it was income or corpus was not and could not have been decided in this proceeding. On the record before it, the probate court could have made no other orders than those from which this appeal is taken. The appellant, in a proper proceeding, may have the issue she desires to raise, decided on a proper record.

The order and decree appealed from are affirmed.

Ward, J., and Bray, J., concurred.