*In re* KING ESTATE.

1. TRUSTS—WILLS—WIDOW'S ALLOWANCE—PROVISION FOR MAINTENANCE—DATE OF VESTING.

Residuary and trust clauses of testator's will which unqualifiedly ordered payment to his wife of $700 per month during her life or until the trust property shall be exhausted and medical, surgical, hospital, and nursing expenses for her to the extent that such expenses exceeded $700 per month vested in her a legal right thereto as of testator's death that was unaffected by probate court's award of $1,000 per month for period of 1 year as her widow's allowance (CLS 1956, § 702.68).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills §§ 1560, 1561.

2. SAME—CONSTRUCTION OF PROVISION FOR MAINTENANCE—INTENT.

A trust for support and maintenance, created by a residuary devise, is not technically a legacy for maintenance, but identical considerations are involved in construing it in ascertaining testator's intent, hence, such a trust is normally construed as accruing from the date of the death.

3. SAME—CONSTRUCTION OF PROVISION FOR MAINTENANCE OF WIDOW.

Courts must assume that a testator who makes trust provision for his widow's maintenance, without reference to whether or not she petitions for and receives more, by the statute, from the estate proper, intends that she be paid from the trust as of his death.

Appeal from Antrim; Brown (Charles L.), J. Submitted June 26, 1962. (Docket No. 64, Calendar No. 49,714.) Decided September 10, 1962.

In the matter of the estate of Kenneth T. King, deceased, the executor, National Bank of Detroit, petitioned for construction of will in respect to propriety of paying trust benefits in addition to widow's allowance. Probate and circuit courts directed trust provisions to be paid only after payment of widow's allowance for 1 year. Widow, as plaintiff requesting payments, appeals. Reversed and remanded.

*Williams, Thompson & Coulter* (*K. E. Thompson*, of counsel), for plaintiff.

*Charles H. Menmuir*, for defendant executor.

BLACK, J. The testator, Kenneth T. King, devised and bequeathed the residue of his estate to a designated trustee. His primary purpose was that of providing a lifetime income of $700 per month for his widow by that part of the residuary and trust clauses which directed the trustee:

"(b) To pay to my wife, Edith Apted King, $700 per month during her life or until said trust property shall be exhausted, and in addition thereto to pay all

medical, surgical, hospital and nursing expenses for my wife to the extent that such expenses shall exceed $700 per month."

The will with codicils was duly admitted to probate. Upon statutory petition the probate judge granted the widow an allowance of $1,000 per month, limiting the allowance to the usual period of 1 year. See CLS 1956, § 702.68 (Stat Ann 1959 Cum Supp § 27.3178[138]).

The allowance was duly paid. Shortly before expiration of the 1-year period, and prior to closing of the estate and appointment of the residuary trustee, the executor filed a petition for construction of the will, reciting:

"That a question of construction has arisen; namely whether the widow is entitled to the widow's allowance of $1,000 per month as well as the amount designated to be paid by the trustee of $700 per month during the probate of the estate, or is the widow only entitled to the widow's allowance during probate and before the trustee is appointed."

The probate court and the circuit court in turn held that the payment of monthly income to the widow, under quoted (b) above, should not commence until expiration of the 1-year period. The opinions of both courts are related in the record as being "that the testator did not intend that his wife should be paid both a widow's allowance of $1,000 per month allowed by the probate court for 1 year, and, in addition thereto, $700 per month, or a total of $1,700 per month for 1 year." From such ruling of the circuit court the widow (since remarried) appeals.

The only reviewable question is whether the probate court's statutory award to the widow lessened (to extent of the amount paid thereunder) the widow's legal right to receive, from and after her husband's death, the monthly income he had provided

by quoted subparagraph (b). We hold it did not, there being no suggestion in the will of intent that the exercise of judicial discretion under the statute should affect what under the law was a vested legal right. In a word, the testator by omission of qualifying words must be taken as having desired that the monthly income directed by subparagraph (b) should be paid by the trustee from the trust estate, as of the testator's death, according to a well-known rule of testamentary construction.

Like provisions for support, usually of the testator's widow, to be effected by instalment payments from the income or corpus (or both) of a testamentary trust, are generally held as being payable from the time of the testator's death rather than from some later date, such as when the trustee receives the trust estate from the testator's personal representative. See *Poole* v. *Union Trust Co.,* 191 Mich 162, 171 (Ann Cas 1918E, 622); 4 Page on Wills (Lifetime ed) §§ 1591, 1592, pp 526–535. The reason is well stated in *Holmes* v. *Hrobon,* 93 Ohio App 1, 52, 53 (103 NE 2d 845, 873) :*

"On page 641 of 70 ALR it is stated that even though the trust cannot be set up until the administration is complete '*   *   * in the sight of the law the trust is in progress from the testator's death unless a contrary intent is apparent in the will. If this were not so, the time when the income should become payable would be subject to the caprice or neglect of executors, or casual delays in the probate; and hence income which accrues between the death of the testator and the setting apart of the fund for the purposes of the trust must be paid to the beneficiary.' "

We expressly adopt, as explanatory of the general rule and consistent with the *Poole Case, supra,* the

---

* Affirmed as to such reason and the point thereof in *Holmes* v. *Hrobon,* 158 Ohio St 508 (110 NE2d 574).

following discussion which appears in *In re Marre's Estate,* 18 Cal 2d 184, 189, 190 (114 P2d 586, 590) :

"It is true, of course, that a trust for support and maintenance, created by a residuary devise including both real and personal property, is not technically a *legacy* for maintenance, since a legacy is ordinarily a bequest of money or personal property. *Estate of Ross,* 140 Cal 282, 290 (73 P 976) ; Thompson, Wills (2d ed), p 19, § 11; 24 Words and Phrases (Perm ed), 517. Identical considerations are involved, however, in ascertaining the testator's intent whether the gift is a legacy for maintenance, a trust of personal property for that purpose (*cf. In re Mackay,* 107 Cal 303 [40 P 558]), or a similar trust consisting of both real and personal property. (See *Estate of Dare,* 196 Cal 29 [235 P 725].) The nature of the property placed in trust should not require different conclusions where it appears that the testator's motives and desires were identical. We are compelled, therefore, in accord with our decision in *Estate of Dare, supra,* to hold that the testatrix is presumed to have intended that the payments for the beneficiary's support should accrue from the date of her death, under the circumstances here presented."

To summarize: Any purposeful testator desiring that the stated general rule be not applied, in the testamentarily uncontrollable event of judicial award of a statutory allowance, need only say so. A sentence of no more than 10 words will suffice. Failing in such regard, the courts must assume desire on his part that such general rule be applied; that his wish is that the widow be paid from the trust as of his death whether or not she petitions for and receives more, by the statute, from the estate proper.

Reversed and remanded for entry of circuit court judgment in accord herewith. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.