[Civ. No. 10647.   First Appellate District, Division Two.—November 8, 1937.]

In the Matter of the Estate of SIDNEY V. SMITH, Deceased. ELAINE GRACE SMITH, a Minor, etc., Appellant, v. THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION, et al., as Trustees, etc., Respondents.

Treadwell, Laughlin & Treadwell for Appellant.

Pillsbury, Madison & Sutro for Respondents.

SPENCE, J.—Four appeals in the above-entitled cause have been presented herein on one set of briefs. The first appeal is from a judgment on the amended petition for the

determination of the rights of Elaine Grace Smith, a minor. The second appeal is from the orders settling the eighth and ninth accounts of the trustees. The third appeal is from the order settling the tenth account of the trustees. The fourth appeal is from the order dismissing an order to show cause.

The above-entitled cause was before this court on a former appeal. (*Estate of Smith*, 4 Cal. App. (2d) 548 [41 Pac. (2d) 565].) The trust provisions and the allegations of the amended petition are set forth in the opinion on the former appeal and need not be repeated here. It was there held that the probate court had jurisdiction of the controversy and that said court had erred in sustaining the demurrer to the amended petition. The order denying said amended petition was therefore reversed with directions to overrule the demurrer. Thereafter the trustees answered and a trial was had before the court sitting without a jury. Findings were made by the trial court and a judgment was entered thereon as follows: (1) That petitioner Elaine Grace Smith, a minor, together with her brother and her sister, were the lawful issue of Sidney V. Smith, Jr., and Elaine T. Smith and were entitled as such to all the rights conferred by the trust created by the last will and testament of Sidney V. Smith and were entitled to receive from the income of the trust the amount which in the judgment of the trustees was necessary for their support, maintenance and education; (2) that petitioner recover her costs; and (3) that the court retain jurisdiction to give such further orders and directions as might be necessary to protect and enforce the rights of the parties under the trust. Of the appeals now before us, the first appeal above mentioned was taken by petitioner from "the whole of said judgment" excepting the affirmative portions thereof as above set forth.

The hearing upon the settlement of the eighth and ninth accounts of the trustees was had at the same time as the hearing on said amended petition. Prior to that time, petitioner, Elaine Grace Smith, had filed her "Answer and Objections to Accounts of Trustees". Said petitioner had also filed a "Cross-Complaint" against the trustees by which she sought to recover damages for the alleged violations by the trustees of their duties. Upon motion of the trustees, said cross-complaint was ordered stricken from the files. At the hearing

upon the settlement of said accounts, certain corrections were made by the court as to each of said accounts and one order was made settling the eighth account as corrected and a second order was made settling the ninth account as corrected. The second appeal above mentioned was taken from said orders settling said accounts.

Shortly after the entry of the judgment involved in the first appeal now before us, said petitioner obtained an order to show cause directing the trustees to show cause why they should not file a further account and why the court should not make a further order requiring the trustees to pay such sums as were necessary for the support, maintenance, and education of petitioner. Prior to the hearing on the order to show cause, the trustees filed their tenth account and it appeared that the sum of $75 per month had been paid by Sidney V. Smith, Jr., for the support of said petitioner as directed by an order made in the divorce proceeding between said Sidney V. Smith, Jr., and Elaine T. Smith. The court made its order correcting the tenth account and settling the same as corrected. The third appeal above mentioned is taken from said order. The court also made its order dismissing the order to show cause without prejudice and it is from said order that the fourth above-mentioned appeal is taken.

The trial court found that said petitioner was born on November 13, 1923. She was therefore ten years of age when the amended petition was filed in February, 1934. The trial court further found that at the time of the filing of said petition, Sidney V. Smith, Jr., the father of petitioner, had been paying the sum of $30 per month for her support pursuant to an order of the superior court made in the divorce action between petitioner's parents, but that said court had increased said amount to $75 per month in April, 1934, which amount had since been paid by her said father. The court further found that said trustees had not abused their discretion and had not acted in violation of the terms of the trust.

We are of the opinion that the findings are sustained by the evidence and that said findings support the judgment and orders as entered. The trust involved in these proceedings provided that the trustees should apply the income ''so far as in their judgment they deem it necessary'' to the sup-

port, maintenance and education of the issue of Sidney V. Smith, Jr., by Elaine T. Smith. The balance of the income was to be paid to said Sidney V. Smith, Jr. The trustees were therefore given the power to determine the necessity for applying any part of the income of the trust to the support, maintenance and education of said issue and we are of the opinion that there should be no interference by the courts with the exercise of that power except upon the showing of an abuse of discretion by the trustees. The trial court concluded that no abuse of discretion had been shown in the present case and entered its findings and judgment accordingly.

All four appeals are argued together by appellant herein. As stated in appellant's reply brief, ''All of the appeals are in the same matter and they are all for the purpose of reviewing the orders and decrees which have failed, as we claim, to make any adequate provision enforcing the right of the appellant to proper sums from the trust funds for her support, maintenance and education.''

The main contention of appellant appears to be that the evidence was insufficient to sustain the findings of the trial court to the effect that the trustees had not abused their discretion. As above indicated, we are of the opinion that there is no merit in this contention. At all times in question, it appears that Sidney V. Smith, Jr., appellant's father, was providing for her support, maintenance and education by payments made under the orders of the court in the divorce action. The amount so paid prior to 1934 was the sum of $30 per month and the amount so paid since 1934 was the sum of $75 per month. Said Sidney V. Smith, Jr., was also a beneficiary under the trust and was entitled to such income as was not deemed necessary by the trustees for the support, maintenance and education of appellant and her brother and sister. While the amounts fixed in the orders of the court in the divorce action were not necessarily controlling and while the trustees might have deemed further sums to be necessary for appellant's support, maintenance and education and might have paid said sums out of the income of the trust, the determination of the amount necessary for said purposes was primarily for the determination of the trustees under the terms of the trust. Upon the record before us, we are satisfied that the trial court was justified in finding

the trustees did not abuse their discretion in determining that no additional amount was necessary.

Closely related to the foregoing contention and argued by appellant under the same heading is the contention that the trial court erred "in failing to find the amount necessary for her support, maintenance and education, and in failing in some appropriate manner to compel the trustees to observe her rights". We find no merit in this contention as under the circumstances such findings and orders would have been required only in the event that the trial court had found that the trustees had abused their discretion.

Most of the remaining points raised by appellant are disposed of by the discussion of the foregoing contentions. Appellant's contention relating to alleged error in denying a jury trial has been abandoned by appellant in her reply brief. There is but one further contention that requires comment. It is claimed that the court erred in striking the cross-complaint from the files. We are of the opinion that this contention is without merit. Said cross-complaint was filed in the proceeding for the settlement of the eighth and ninth accounts. Respondents have made several replies to this last-mentioned contention, but we believe it sufficient to point out that there is no provision for filing any pleading in a proceeding for the settlement of an account other than "written exceptions to the account". (Probate Code, sec. 927.) Said cross-complaint was therefore properly stricken from the files.

The judgment and orders appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.