[Civ. No. 16447.   Second Dist., Div. Three.   July 1, 1949.]

Estate of JOHN C. FERRALL, Deceased.   FAYE F. HAM-
ILTON, Respondent, v. BANK OF AMERICA NA-
TIONAL TRUST AND SAVINGS ASSOCIATION et al.,
as Trustees, etc., Appellants.

Earle M. Daniels, Burdette J. Daniels and Hallam Mathews for Appellants.

Potter, Potter & Rouse for Respondent.

WOOD, J.—Appeal by trustees from a judgment directing them to pay to a beneficiary $400 per month from the corpus of a testamentary trust.

The testator, John C. Ferrall, who died October 9, 1940, left surviving him a son, George D. Ferrall, and a daughter, Faye F. Hamilton. Under the provisions of his will, which was made April 15, 1938, he gave $2,000 to each of George D. Ferrall's three sons, and gave one-half of the remainder (after paying said $6,000, his debts and expenses of administration) to George D. Ferrall, and gave the other one-half of the remainder to the Bank of America and George D. Ferrall as joint trustees and in trust for the following uses and purposes:

"(d) After payment of any expenses of management of the trust estate and administering this trust, including the compensation for the services of the trustees, all income from the trust which is available for distribution shall be distributed monthly to and for the use and benefit of my daughter, Faye F. Hamilton during her lifetime, or unless sooner terminated in accordance herewith. That if at any time the income from the corpus of the trust herein created is insufficient to meet the needs of my daughter, Faye F. Hamilton, then and in that event, in the sole discretion of the trustees herein, the trustees may pay to my said daughter, Faye F. Hamilton, such amounts from the principal or corpus of the trust sufficient to meet her needs, care and comforts.

"(e) . . . .

"(f) Anything herein contained to the contrary notwithstanding, this trust shall cease and terminate upon the following conditions:

"(1-a) Provided my daughter, Faye F. Hamilton, be living, this trust shall terminate upon the death of Alex C. Hamilton, or his divorce from my said daughter, Faye F. Hamilton, in which event all the property held by the trustees herein shall be distributed to my daughter, Faye F. Hamilton, or

"(1-b) Upon the death of my daughter, Faye F. Hamilton, this trust shall cease and terminate and all the property held by the trustees under the terms hereof shall be distributed one-half to my son, George D. Ferrall, and one-half to my three grandchildren, George D. Ferrall, Jr., John Charters Ferrall and Frank M. Ferrall, share and share alike."

The decree of distribution, entered February 16, 1943, distributed to said trustees one-half of said remainder in trust for the said uses and purposes stated in the will. The provisions of the decree so distributing said part of the estate to the trustees included verbatim the said above quoted provisions of the will regarding the uses and purposes for which the trust was created.

On June 10, 1947, Mrs. Hamilton petitioned the court for an order directing the trustees to pay to her from the corpus of the trust estate for her needs, care and comfort $450 per month until the further order of the court, and also to pay to her from said source $10,231.46 in repayment of that amount expended by her for her needs, care and comfort.

The court found that at the time of execution of the will Mrs. Hamilton was afflicted with multiple sclerosis and that fact was known to the testator; that by reason of such disease it became necessary, about January 1, 1942, to remove her from her home to a sanitarium, where she has remained since that time; that since she went to the sanitarium she has been bedridden, unable to care for herself or her property, and has required the attention of nurses and physicians; that she received as income from the trust estate, from January 1, 1942, to May 1, 1947, the sum of $5,550.10; that she paid for her care, during said period of time, from her own funds the sum of $10,231.46 in addition to the said amount she received as income from the trust estate; that she "sold whatever property she had in order to maintain herself"; that in addition to the amount expended by Mrs. Hamilton, during said period, her husband paid $3,000 for her care; that she had received about $50 per month from income from the trust estate; that the expense of caring for her during several months last past has amounted to $400 per month; that the present value of the trust estate is in excess of $27,000, about all of which consists of negotiable assets; that in creating said trust it was the intent of the deceased to provide for the care, needs, comfort and maintenance of Mrs. Hamilton from the trust estate and the corpus thereof in the event the income was insufficient for said purposes; that the income is insuffi-

cient for said purposes; that $400 per month is a reasonable
sum to be paid from the date of filing the petition herein,
June 10, 1947; that the income of her husband for 1946 was
in excess of $15,000, and as of August 29, 1947 (the date of
the hearing herein) his income was in excess of $10,000; and
that their income tax returns for the past four years show
that the income of Mr. Hamilton was community property.

The judgment was that it was the intent of the testator to
provide for the care, needs, comfort and maintenance of Mrs.
Hamilton from the trust estate and corpus thereof in the
event the income should be insufficient for said purposes;
that the income is insufficient for said purposes; that $400
per month is a reasonable sum ''to be paid out of income and
the corpus'' for the care, needs, comfort and maintenance of
Mrs. Hamilton; that $400 be paid to her ''from income and
corpus'' on the 10th day of each month, beginning June 10,
1947, until the further order of court.

Appellants contend that the trustees had absolute discre-
tion ''as to the circumstances which would entitle them to
invade the corpus of the trust''; and also that they had abso-
lute discretion as to the amounts to be paid from the corpus
if payments should be made therefrom; and that since there
was no allegation, proof, or finding of fraud, or of a demand
or refusal to exercise discretion by the trustees, or of an abuse
of discretion by them, the court erred in assuming control
of the trustees' discretion. ▮ As above shown, the decree
creating the trust provided that ''if at any time the income
from the corpus . . . is insufficient to meet the needs of my
daughter, Faye F. Hamilton, then and in that event, in the
sole discretion of the trustees herein, the trustees may pay
to my said daughter, Faye F. Hamilton, such amounts from
the principal or corpus of the trust sufficient to meet her
needs, care and comforts.'' Under that provision a court is
not deprived of power to determine the fact as to whether
the income from the corpus is insufficient to meet the needs of
Mrs. Hamilton. By that provision, however, the matter of
determining the amounts to be paid from the corpus, in the
event that the income is insufficient to meet her needs, is left
to the sole discretion of the trustees. Section 2269 of the
Civil Code provides: ''A discretionary power conferred upon
a trustee is presumed not to be left to his arbitrary discretion,
but may be controlled by the proper court if not reasonably
exercised, unless an absolute discretion is clearly conferred
by the declaration of trust.'' An absolute discretion, as to

the amounts to be paid from the corpus, was conferred by the trust provisions herein. ■ An absolute discretion, exercised in good faith by a trustee, cannot be controlled by a court on considerations going to the soundness of the discretion so exercised. (*Neel* v. *Barnard*, 24 Cal.2d 406, 417 [150 P.2d 177].) If a trustee in the exercise of a sole or absolute discretion acts in bad faith or fraudulently, his exercise of such discretion is subject to review and control by a court. (*Ibid.*) ■ There was no allegation or finding that the trustees, or either of them, acted in bad faith or fraudulently, or that they abused their discretion. Respondent argues that it was not necessary to make such allegations for the reason that the hearing was had upon the theory that bad faith, fraud and abuse of discretion were in issue. Even if it be assumed that those matters were in issue, the fact remains that there was no finding as to those issues. Findings on those issues were necessary, as above indicated, in order that it might be determined therefrom whether the acts of the trustees were subject to review and control by the court. As above stated, there were two trustees herein—George D. Ferrall and the Bank of America. ■ The burden of proof as to bad faith, fraud and abuse of discretion, was on petitioner, and the trustees were entitled to the benefit of the presumption that they acted in good faith. (*Estate of Canfield*, 80 Cal.App.2d 443, 451 [181 P.2d 732].) ■ The court erred in not making findings regarding those matters. In *Estate of Smith*, 23 Cal.App.2d 383 [73 P.2d 239], the testamentary trust provided that the trustees should apply the income ''so far as in their judgment they shall deem it necessary'' to the support, maintenance and education of the issue of Sidney V. Smith, Jr. The petitioner therein alleged that she was a daughter of said Smith; that the trustees acted in arbitrary abuse of their discretion; and that they refused to apply any part of the income for the support and education of petitioner. The petitioner therein asked that the court determine the amount necessary for her support and education. The court therein said, in referring to the above quoted provision of the trust (p. 387): ''The trustees were therefore given the power to determine the necessity for applying any part of the income of the trust to the support, maintenance and education of said issue and we are of the opinion that there should be no interference by the courts with the exercise of that power except upon the showing of an abuse of discretion by the trustees. The trial court concluded that no abuse of discretion

had been shown in the present case and entered its findings and judgment accordingly." In *Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586], the testamentary trust provided that the trustees should pay out of the net income "such part thereof as said trustees shall in their sole judgment deem advisable" for the proper support and education of trustor's grandson "so long as, in their sole judgment, his education is incomplete." The grandson, who was petitioner therein, asked that the court instruct the trustees to reimburse him for expenses incurred for his support and education during a period prior to the entry of the decree of distribution. The trial court therein ordered the trustees to reimburse the petitioner for certain expenses during that period, and the trustees appealed from the order. The court therein said at page 190: "The amount to be paid for the beneficiary's support, however, was to be determined in the sole judgment of the trustees. The order of the superior court sought to specify the exact amount of the payments to be made to the beneficiary. It is well settled that the courts will not attempt to exercise discretion which has been confided to a trustee unless it is clear that the trustee has abused his discretion in some manner. [Citations.] In the present case the refusal of the trustees to make payment for the period between the death of the testatrix and the date of distribution of the trust estate to them was based upon the belief that any such payment would be improper. There was no attempt on the part of the trustees to fix the amount and, hence, there could be no abuse of discretion in this regard. The amounts to be paid should therefore be determined in the discretion of the trustees." The Supreme Court modified the order therein by directing that the trustees determine, in their discretion, the amounts necessary for the grandson's maintenance during said period.

There was no evidence that the trustees had been requested to make payments from the corpus, and there was no evidence as to what, if anything, the trustee Ferrall or the trustee Bank of America said relative to making payments from the corpus.

It does not appear that if findings, regarding abuse of discretion, had been made they would necessarily under the evidence have been adverse to appellants. It was essential, as above stated, that the court find whether the trustees abused their discretion.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.