[Civ. No. 13653.   Second Dist., Div. One.   July 31, 1942.]

Estate of N. S. DASHER, Deceased.   EDITH MITTENDORFF, Appellant, v. GERTRUDE A. DASHER, as Executrix, etc., Respondent.

John C. Mead for Appellant.

Merriam, Rinehart & Merriam for Respondent.

WHITE, J.—This appeal presents a question of construction of the last will and testament of N. S. Dasher. The testator died on June 24, 1937, leaving a will wherein he nominated his wife, Gertrude A. Dasher, respondent herein, and his niece, Edith Mittendorff, appellant in the instant proceeding, as executrices. On July 1, 1937, the last-named executrix executed a renunciation of her right to act, and the wife was appointed executrix on July 28, 1937. An inventory and appraisement was filed on April 15, 1938. On June 17 of the same year Gertrude A. Dasher petitioned the court for a widow's allowance of $250 per month from the date of the testator's death to June 17, 1938, and an order for such allowance was made on July 7. On April 28, 1941, the executrix filed her second and final account and petition for distribution. To this account Edith Mittendorff filed her objections. It is from certain portions of the order settling the second and final account and directing distribution under the will that this appeal is taken.

After making certain bequests in his will, the decedent provided that all of the rest, residue and remainder of his estate be given, devised and bequeathed unto Gertrude A. Dasher, his wife, and Edith Mittendorff, his niece, as trustees, and that the net income received and derived from the trust estate

should be turned over to decedent's wife, Gertrude A. Dasher, for her own individual use and benefit during her lifetime.

The trial court found: "That the trust created and provided for under and by the terms of Articles Sixth and Seventh of decedent's said will is a trust for the benefit of the widow of said deceased, and that Gertrude A. Dasher, widow of said deceased, as a life beneficiary of said trust, is entitled to receive and to have paid to her the total income received and realized from decedent's estate during the period of administration, after deducting the moneys expended for taxes and maintenance of the property of said estate."

By its order settling the second and final account and directing distribution under the will, the trial court decreed:

". . . 5. That Gertrude A. Dasher, as the widow of said N. S. Dasher, deceased, is entitled to receive and to have paid to her the sum of $2,784.48 on account of income received from the estate during the period of administration, and the trustees of the trust fund created and provided for under and by the terms of Articles Sixth and Seventh of the last Will and Testament of the said N. S. Dasher, be and they are hereby instructed to forthwith pay over and distribute to the said Gertrude A. Dasher, out of the trust estate as soon as the same shall have been distributed to them as such Trustees, the said sum of $2784.48.

"6. That pursuant to the terms of the last Will and Testament of the said N. S. Dasher, and by reason of the stipulation hereinabove referred to, and by reason of the findings and order herein made, the entire residue of said estate, whether described herein or not, be and the same is herby distributed unto Gertrude A. Dasher and Edith Mittendorff as Trustees in Trust for the uses and purposes herein set forth, to-wit:

"(1) Said Trustees shall immediately upon receipt of said fund, forthwith pay over and distribute to Gertrude A. Dasher, widow of said deceased, the sum of $2784.48, on account of the net income received and realized from the estate of the above-named decedent during administration; . . ."

The question therefore presented to us is whether the testator intended, and whether his will provided, that his widow should receive the net income of the estate only from and after the date of distribution to the trustees, on July 31, 1941, or whether she should be entitled to the net income from the estate as of the date of death of the testator on June 24, 1937.

.

It might here be stated that the will further provided that upon the death of the testator's wife the trust estate should be distributed to Edith Mittendorff, or in the event she predeceased the testator's widow, her children should be the beneficiaries of the corpus of the trust.

Appellant first contends that the trial court was without jurisdiction under the terms of the will to make the above-quoted portion of the decree from which this appeal is taken. This claim is predicated upon the ground that the widow had no right to receive payments under the terms of the trust provisions of the will until the trust property was distributed to the trustees, and then only from the date of such distribution. It is urged that the trust provisions of the will here under consideration contain no express directions that the payments are to accrue from the date of the testator's death. It is not contended by either appellant or respondent that the will here under consideration creates an annuity under the provisions of sections 161 and 162 of the Probate Code, because an annuity must consist of a "bequest of certain specified sums periodically." (*Estate of Watson,* 32 Cal. App. (2d) 594, 600 [90 P. (2d) 349]; *Estate of Marre,* 18 Cal. (2d) 184, 188 [114 P. (2d) 586].)

That the testator had no intent that the payments to his widow were to commence as of the date of his death is not exclusively established by the absence of an express direction therefor in the testamentary document. While the intention of the testator is the determining factor (Prob. Code, § 163), that intention is to be gathered from a consideration of the instrument in its entirety. The appeal coming before us, as it does, upon the judgment roll alone, enjoins upon this court the duty to assume that sufficient and competent evidence was introduced at the trial to support each finding, including the one which sets forth that "the trust created and provided for under and by the terms of Articles Sixth and Seventh of decedent's said will is a trust for the benefit of the widow of said deceased." Furthermore, the will itself furnishes mute but convincing evidence that the testator intended to create the trust for the specific purpose of providing maintenance and support for his widow, the beneficiary therein named, for it is to be noted that he made no other bequest to her except that of certain personal effects, such as furniture, silverware, pictures, books, clothing and automobiles; while to the appellant niece, who was to receive the corpus of the trust on the death of the widow, he bequeathed the sum of

$5,000. Therefore we are persuaded that respondent's right to the income derived from the trust property has relation to the date of the testator's death, and should commence therewith. (*Estate of Marre, supra,* p. 188.)

Finally, appellant urges that the court was without power to determine the amount of net income from the trust and to order payment of the same to the widow prior to the distribution to the trustees and before the latter had petitioned therefor. Upon the authority of *Estate of Marre, supra,* p. 190, we hold that after the property was distributed to the trustees payment of the income from the trust should have been made by them to the widow as of the date of the testator's death. That is what the court ordered. The fact that the court determined the amount of said income, and there is no controversy as to the correctness thereof, and ordered the whole of such income paid to the widow, did not operate to the prejudice of appellant, because by the provisions of his will the testator directed that "the entire net income received and derived from the trust estate shall be forthwith turned over to my wife, Gertrude A. Dasher, for her own individual use and benefit, during her lifetime." In other words, the trustees were vested with no discretion whatever as to the amount of the income to be paid to the widow. They were required to pay to her the whole thereof from the date of the testator's death. Manifestly, the decree of the court simply ordered the trustees to do that which they were enjoined to do under the provisions of the will and the requirements of their office. No prejudicial error can be predicated upon that part of the decree.

For the foregoing reasons, that portion of the order settling the second and final account and ordering distribution under the will, made and entered in the above-entitled matter on July 31, 1941, and from which this appeal is taken, is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 28, 1942.