[Civ. No. 16146.   First Dist., Div. One.   Dec. 6, 1954.]

Estate of ANNIE TYNAN, Deceased. CLARENCE TYNAN, Appellant, v. L. M. TYNAN, as Trustee, etc., Respondent.

Sterling Carr for Appellant.

George M. Naus and Paul L. Pioda for Respondent.

WOOD (Fred B.), J.—Appellant Clarence Tynan is the life income beneficiary of certain trusts created by his wife, Annie Tynan, by will.  Their son, Lester M. Tynan, is trustee

and respondent herein. The appeal is from an order approving and settling the trustee's first report and account, covering the period May 17, 1951, to April 30, 1953.*

Appellant seeks to charge respondent in the amount of $197,629.58 which he claims should have been paid to him as income but which respondent had credited to the corpus of the trust estate. Of this amount, he claims that $180,310.76 was income received during probate (1947 until decree of final distribution in May of 1951) and that the sum of $17,318.82 represents income thereafter collected by the trustee over and above the amount which he actually paid or credited to appellant as income.

(1) *As to the income received during probate,* the trial court, in the order now under review, found and declared that the decree of final distribution distributed to Lester M. Tynan "the whole of the residue of said [Annie Tynan] estate . . ., in trust, as principal or corpus of said trust, and none of said residue was income payable to said income beneficiary [appellant herein], under said decree of final distribution." No appeal was taken from the decree and it has become final.

That is a correct interpretation of the decree. It expressly distributed the whole of the residue of the decedent's estate "to Lester M. Tynan, as trustee, in trust, upon the following terms and conditions, and for the following uses, trust and purposes, to wit:

"That by the terms of said trust, said trustee shall divide the same into two equal shares for the benefit of decedent's husband, Clarence Tynan, during his lifetime, and upon his death, one share for the benefit of each of the decedent's grandchildren, Janice Ann Wyman, formerly Janice Ann Tynan, and Patricia Jane Etienne, formerly Patricia Jane Tynan, and to hold the said equal shares in trust for the following purposes and uses:

"(a) To collect, recover and receive the rents, issues, profits, dividends, interest and income of said separate trusts, and after deducting all proper charges arising out of the administration thereof, to pay the balance as follows:

"(1) During the life of decedent's husband, Clarence Tynan, to pay over to him the entire net income of each separate trust.

---

*The trust estate was distributed to him as trustee on May 31, 1951, the date of the final decree of distribution. His final account as executor had been filed May 17, 1951.

"(2) Upon the death of said CLARENCE TYNAN, and during the term of said trust, to pay over so much of the net income of each separate trust to the grandchild for whom said share shall have been set apart, as decedent's said trustee shall in his or her uncontrolled discretion determine, so as to permit such grandchild to live in the circumstances and have the comforts to which said grandchild shall be accustomed, and to accumulate the balance of the net income of each separate trust and add the same to the principal of such trust."

There followed provisions concerning the duration of these trusts and provisions covering various contingencies that might develop, and further defining the powers of the trustee.

The decree then concluded with a specific description of the residue: Money in bank, $3,976.42; 253 shares of stock in various corporations; three pieces of jewelry; a 27 per cent interest in Tynan Lumber Company, a copartnership; and a considerable number of parcels of real property.

There is no basis for treating any of this property as distributable income. That would be flying in the very teeth of the mandate to "divide" it "into two equal shares" and pay the "net income" to appellant "during his lifetime" and, upon his death, to use the "net income" (paying and accumulating) for the benefit of the two granddaughters.

When, as here, a decree of distribution directs distribution in plain and unambiguous terms it operates as an interpretation of the will and binds the parties and precludes resort to the dispositive provisions of the will itself. (*Cook v. Cook,* 17 Cal.2d 639, 652-654 [111 P.2d 322]; *Estate of Wallace,* 98 Cal.App.2d 285, 289 [219 P.2d 910]; *Estate of Norris,* 78 Cal.App.2d 152, 160 [177 P.2d 299].) "A decree of distribution is a final and conclusive construction of the will as against all interested parties, including beneficiaries of a testamentary trust." (*Estate of Van Deusen,* 30 Cal.2d 285, 289, 290 [182 P.2d 565].)

It is true, as appellant contends, that he was not entitled to compel payment of income during probate. The executor was under no duty to make payments and the trustee could not be compelled to do so prior to the receipt of the trust property by him. During probate administration appellant's remedy (which he did not pursue) was confined to asking the probate court to distribute a portion of the trust fund to the trustee to be used for appellant's support (*Estate of Marré,* 18 Cal.2d 184, 190 [114 P.2d 586]). That did not preclude the probate court from determining, in

its decree of distribution, what was corpus and what was not, under its duty to ''name the persons and the proportions or parts to which each is entitled.'' (Prob. Code, § 1021.) Appellant was a ''person interested in the estate'' and as such entitled to appear and ''resist the application'' for distribution. (Prob. Code, § 1020.) He was one of the ''heirs, devisees and legatees'' as to whose ''rights'' the decree became conclusive. (Prob. Code, § 1021.) Thus, it has been held that an issue concerning income which accrued during probate administration may be raised upon appeal from a decree of distribution. (*Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825]; *Estate of Dasher*, 53 Cal.App.2d 721 [128 P.2d 380]; *Estate of Schiffman*, 86 Cal.App.2d 638 [195 P.2d 484].) Instances in which belated claims for interest were precluded by decrees of distribution which had become final are furnished by *Estate of Schmierer*, 168 Cal. 747 [145 P. 99]; *Estate of McLellan*, 8 Cal.2d 49, 52 [63 P.2d 1120]; *McLellan* v. *McLellan*, 17 Cal.2d 552 [110 P.2d 1034]; *Estate of McLellan*, 14 Cal.App.2d 271 [57 P.2d 1338].

There have been cases in which the decree of distribution did not determine the issue of income received during probate, leaving that open, hence not precluding later litigation concerning it. (See *Estate of Dare*, 196 Cal. 29, 36 [235 P. 725]; *Estate of Marré, supra*, 18 Cal.2d 184; *Estate of Markham*, 28 Cal.2d 69 [168 P.2d 669].) Such are the cases which appellant invokes. They are not this case.

Appellant criticizes the executor's final account for failure to segregate income from corpus and claims that the executor withheld information as to certain alleged profits in violation of his fiduciary obligation toward appellant. These claims are incidental to his claim to income which may have accrued during probate and are precluded from inquiry by the decree of distribution for the reasons already indicated. (See *Carr* v. *Bank of America*, 11 Cal.2d 366 [79 P.2d 1096, 116 A.L.R. 1282].)

In the probate proceeding, appellant executed a written approval of the acts of the executor and a consent to distribution as prayed for in the executor's petition for distribution. In the instant case his counsel started to examine appellant as to the circumstances under which this consent was executed. The court sustained an objection to this as an attack upon the decree of distribution which had become final and not within the issues framed in the current pro-

ceeding. That was a correct ruling. Appellant's answer to the trustee's account and petition herein presents no such issue. It neither pleads nor suggests any facts which could possibly furnish a basis for reopening any of the issues determined by the decree of distribution. Moreover, appellant made no offer of proof.

Appellant complains of a declaration in the order under review to the effect that appellant consented to the decree of distribution and acquiesced in the consumption during the executorship of all estate income received during the executorship. That declaration finds support in the record and, in view of the finality of the decree of distribution, is not subject to challenge upon the record before us upon this appeal, which, as we have seen, presents no issue (such as extrinsic fraud or jurisdictional defect) concerning the validity of the decree. Such consent and acquiescence, we may add, does not make the decree any more or less binding than it otherwise would be, now that it has become final.

(2) *Appellant claims there is a discrepancy between the executor's account and the trustee's account.* The estate's interest in the Tynan Lumber Company was listed by the executor at $106,886.82; by the trustee, at $176,258.78. The real property of the estate was listed by the executor at $207,900; by the trustee, at $197,893.95. These represented differences in valuation only; no change (neither increase nor decrease) of property interest in either case.

The trustee explains the change in valuation of the interest in the Tynan Lumber Company. It represents a reconciliation which he made with the company's books which he found reflected items not comprehended in the executor's account. The latter was based upon the probate appraisement.

Similarly, the revaluation of the real estate represented a reconciliation of the cotenancy* books of account, which carried a building depreciation reserve, with the executor's account, which embraced cash but not an accounting reserve.

The trial court has found all items of the trustee's account true. We find no basis for disturbing that determination.

(3) *Appellant claims, as to income accruing since final distribution, that he has been underpaid to the extent of $17,318.82.*

This claim includes the sum of $359.95 which the trustee's

---

*The real property was owned by the testatrix and appellant as tenants in common (each holding a half interest) and produced rental income.

report shows as "balance of income available for distribution" to appellant; hence, not an item in dispute.

The remainder consists of $7,688.17 representing gains on sales of partnership lots held by the Tynan Lumber Company and $9,270.68 representing depreciation on buildings rented which the trustee has charged against income.

Appellant has not given us the benefit of his reasoning why the $7,688.17 item should not be credited to the trust principal, other than the testimony of one of his witnesses, a public accountant; really, the bare unsupported conclusion of the witness.

The $9,270.68 charge for depreciation was improper, according to appellant's theory, upon the ground that a life tenant has an obligation to make only repairs, no obligation to make improvements. The trustee replies that the buildings here involved were all business buildings. He contends that in such a case depreciation is deductible under the modern view, citing *Fidelity Union Trust Co.* v. *McGraw*, 138 N.J. Eq. 415 [48 A.2d 279, 282]; Nossaman, Trust Administration, section 258; Scott on Trusts, section 239.4; *In re Kaplan's Will*, 195 Misc. 132 [88 N.Y.S.2d 851]. We are inclined to agree but prefer to rest our decision upon other grounds.

The decree of distribution declares that the trustee "in addition to and not in modification or limitation of all common law and statutory authority" shall have certain enumerated powers expressed in 15 numbered paragraphs. In the ninth paragraph we find the following: "Unless otherwise specifically provided in the said decedent's will, *decedent's trustee shall have absolute discretion in determining what is principal or income*; provided, however, that decedent's trustee shall have power to treat all capital gains as income for the purpose of distributing the same pursuant to the terms of the trusts created in Paragraph Third thereof in his absolute discretion." (Emphasis added.) The only limitation upon this discretionary power appears in the ninth paragraph, immediately preceding the quoted portion, a mandate that the trustee credit to principal all stock dividends and, with the exception of accrued interest and dividends, the entire proceeds from the sale of securities. This limitation obviously does not restrict the trustee's "absolute discretion" concerning the subject matter under discussion, profit or capital gain on sale of real estate and depreciation of rented business buildings.

Appellant contends that the discretion given the trustee in paragraph 9 is limited to the subject matter of the forepart of that paragraph (the sale or redemption of securities) and that if the testatrix had intended it as a limitation upon the "net income" which she gave appellant, she would have tacked it onto the dispository provision in his favor instead of placing it in another part of the will. Neither point is well taken. The discretionary power to determine what is income is in the same category as the other general powers enumerated in the other 14 of the group of 15 paragraphs, such as the power to hold, manage, sell and transfer real and personal property belonging to the estate; to invest and reinvest in stocks, bonds and other securities; to lease real property; to institute legal proceedings for the protection of the estate; and to settle any and all claims.

This discretionary power given the trustee is in harmony with, indeed is sanctioned by, certain of the provisions of the Principal and Income Law (formerly ch. 898, Stats. 1941, p. 2476, now Civ. Code, §§ 730-730.15).

Section 2 of the law as originally enacted declared that *"the person establishing the principal may* himself direct the manner of ascertainment of income and principal and the apportionment of receipts and expenses or *grant discretion to the trustee* or other person to do so, *and such provision* and direction, where not otherwise contrary to law, *shall control notwithstanding this Act. The exercise by the trustee* or other designated person, *of such discretionary power if in good faith and according to his best judgment, shall be conclusive,* irrespective of whether it may be in accordance with the determination which the court having jurisdiction would have made." (Stats. 1941, ch. 898, at p. 2476; now Civ. Code, § 730.04; emphasis added.) That is the discretionary power which the decree of distribution found and declared the testatrix had vested in the trustee. That clearly was the view of the trial judge when in the order under appeal he found that in the trustee's report and account "all ascertainments of income and principal and all apportionments of receipts and expenses therein by the Trustee are true, fair and proper; and the Court independently finds all of the same ascertainments and apportionments as facts and adopts them as its own findings. All of said ascertainments and apportionments by the trustee were made by him in the exercise of the discretion vested in him by the will and decree of final distribution honestly, fairly, in good faith

and according to his best judgment, and he did not abuse his discretion in any instance of such ascertainment or apportionment." We find no basis for disturbing that determination.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.