[Civ. No. 22685.   Second Dist., Div. Three.   Mar. 12, 1958.]

Estate of FRED H. BIXBY, Deceased. FRED H. BIXBY, JR., Appellant, v. ALLEN L. CHICKERING et al., Respondents.

Blau, Shaw & Miller, Joseph M. Shaw, Simon Miller and Douglas L. Edmonds for Appellant.

Lawler, Felix & Hall, Wm. T. Coffin and Sherman Anderson for Respondents.

PATROSSO, J. pro tem.*—This is an appeal by Fred H. Bixby, Jr., from portions of the order settling the third and final account and decree of final distribution in the above named estate.

The decedent Fred H. Bixby died testate May 17, 1952. He left an estate of the appraised value of $4,567,493.56, the principal asset thereof being 38,775 shares of the capital stock of the Fred H. Bixby Company, appraised at $4,340,560. The deceased was survived by his spouse Florence G. Bixby and by four children, Katherine Bixby Hotchkis, Florence Elizabeth Bixby Janeway, Deborah Bixby Green and Fred H. Bixby, Jr. and by a number of grandchildren.

By the terms of his will the decedent bequeathed his automobiles, personal effects and 19,000 shares of Fred H. Bixby Company stock to his wife. The residue of his estate was devised and bequeathed in equal shares to four separate trusts designated as the first, second, third and fourth trusts respectively. The three daughters above named are collectively the trustees of the first three trusts and are respectively the primary income beneficiaries of the first, second and third trusts. The Security-First National Bank is the trustee of the fourth trust and the appellant is the primary income beneficiary thereof. Among the other powers conferred upon the trustees are the following:

---

*Assigned by Chairman of Judicial Council.

"(f) To determine what is principal and what is income of the trust estate and what items should be charged or credited to either; to accumulate the income of the trust estate to such extent as the Trustees or Trustee, in their absolute discretion, think necessary or advisable to provide for the maintenance, protection or improvement of the trust estate, or any part thereof, or to discharge any lien or encumbrance to which the trust estate, or any part thereof, may be subject, or to repay any advances made by the Trustees or Trustee or any loan which the Trustees or Trustee may negotiate."

During the course of the administration of the estate the 19,000 shares of Fred H. Bixby Company stock bequeathed to decedent's widow were distributed to her pursuant to a decree of partial distribution. Of the remaining shares of the Fred H. Bixby Company stock owned by decedent, 5,395 shares were sold during the course of administration. Thereafter the Fred H. Bixby Company was liquidated and the executor received distribution of assets in kind based upon the number of shares of stock of that company remaining in his hands. The principal assets so received in liquidation consisted of 14,360 shares of the capital stock of the Fred H. Bixby Ranch Company and royalty interests under certain oil and gas leases.

During the course of the administration and prior to the filing of his third and final account, the executor filed two accounts current, both of which were duly settled by orders which have long since become final. In each of these, as in his final account, the executor set forth in detail the date, nature and amount of each item of receipt and disbursement, and in his schedule of receipts set forth the allocation he deemed proper as between income and corpus. He did not undertake, however, to specify which, if any, disbursements were chargeable to corpus and which were chargeable to income, nor did he in his schedule of property on hand undertake to designate what was corpus and what was income.

Appellant filed objections to the final account upon the grounds (1) that the executor "failed to segregate the principal from the income accumulated during probate administration;" (2) that he "failed to determine the respective portions of the undistributed income accumulated during probate administration to which each of the beneficiaries of said 'Fourth Trust' would be entitled;" (3) that he failed to discharge his "duty of allocating the receipts during probate administra-

tion between income and principal, and allocating the disbursements made during probate administration to principal and income respectively;'' and (4) that he ''failed to request the court to determine the interest payable to the income beneficiaries of the Fourth Trust, for income undistributed after the expiration of one year from the date of death'' in accordance with section 162 of the Probate Code.[1]

The objections concluded with the prayer ''that the executor be directed to file a new account segregating the receipts during probate administration between principal and income'' and ''that the amount of interest due the income beneficiaries for legacies not distributed within one year following the decedent's death be determined.''

The bank as trustee of the fourth trust filed no objections to the final account but did file what it denominated a response in which it requested that the court determine what portion of the sums or items distributable to it as trustee constitutes principal and what portion constituted income during the period of probate administration.

As stated in his brief, the executor's position below was and on this appeal is that he fully discharged his duty to account by setting forth as he did the date, nature and amount of each item of receipt and disbursement and in his schedule of receipts the segregation he believed to be proper as between income and principal; that the trustees of each of the four trusts having been granted the power and discretion to determine what constitutes income and what constitutes principal and what items should be charged or credited to either, it was not within the province of the court to undertake to make such determination but that this was a question to be resolved by the trustees in the exercise of the discretion conferred upon them. The position of the executor is likewise that of the trustees of the first, second and third trusts.

While the matter was pending in the trial court and before it made any ruling as to whether the determination as to what constituted income and what corpus should be made by the executor or by the court or by the testamentary trustees, all of the parties entered into stipulations of fact on the basis of the executor's receipts and disbursements showing two of the permissible conclusions which might be drawn respecting what

---

[1] Appellant also objected to one item of credit claimed by the executor in his account which objection was disallowed by the court, but no mention is made thereof in appellant's brief and we therefore assume that this objection has been abandoned.

allocation could and should be made of the assets available for distribution as between income and principal.

By its order approving the final account and decree of final distribution the trial court sustained the position of the respondents, overruled the appellant's objections and denied the bank's request that it determine what constituted income and what constituted corpus. Among the findings made by the trial court and incorporated in the decree of final distribution are the following:

"15. That under the terms of each of said four trusts as declared in the First Decree of Preliminary Distribution the Trustees or Trustee has the power and discretion to determine what is principal and what is income of the trust estate and what items should be charged or credited to either and has the further power and discretion to determine what part of the net income is available for distribution; that said powers and discretions extend to income accumulated after Decedent's death and prior to the distribution thereof to the Trustees or Trustee;

"16. That the allegations made in the Report and Petition accompanying said Third and Final Account are true, excepting that the Court makes no finding as to what portion of the funds and assets in the hands of said Executor constitutes principal and what portion constitutes income and excepting in so far as the allegations contained therein are at variance with the facts found herein; that it is not necessary for the Court to determine what part of the funds and assets distributable to the Trustees or Trustee of each of said four trusts constitutes principal and what part constitutes income in order that the Trustees or Trustee may properly perform their or its duties as such; that said Executor is not bound to determine what part of the funds and assets now in his hands is distributable or payable to the respective income beneficiaries of said trusts."

The bank as trustee of the fourth trust did not appeal, and, as previously stated, we are confronted only with the appeal of Fred H. Bixby, Jr., the primary income beneficiary of the fourth trust.

It will have been noted from the statement of the objections filed by the appellant that he did not therein specifically request the court to make a determination as to what constituted income and what constituted principal but rather that such determination be made by the executor. Upon this appeal,

however, it is his position that the court should have made such determination and that in failing to do so it committed error.

At the outset respondents urge that the appellant is not in a position to raise this question because in his notice of appeal he states that he is appealing only from that portion of the order settling the final account and decree of distribution ''wherein it is held that it was not necessary for the Court to determine what part of the funds and assets distributable to the Trustees or Trustee of each of the four trusts constitutes principal and what part constitutes income, that the discretionary powers of the testamentary trustees to determine what is capital and what is income of the trust estate extends to income accumulated after decedent's death and before distribution thereof to said trustees.'' Respondents' argument is that the determination therein referred to is but a finding of fact and not an adjudication and that an appeal may not be taken from a finding of fact but only from a matter adjudged. While it is true that the determination referred to in the notice of appeal appears among the findings of fact rather than among the adjudicatory provisions of the decree, it is in essence an adjudication rather than a finding of fact, for thereby the court determined as a matter of law that the power to determine what portion of the distributable estate is principal and what part income is vested in the testamentary trustees. Moreover, notices of appeal are to be liberally construed to permit, if possible, a hearing on the merits. (*Collins* v. *City & County of San Francisco* (1952), 112 Cal. App.2d 719, 732 [247 P.2d 362].) And so construed we think the notice here makes reasonably certain the part of the order and decree from which the appellant intends to appeal and that respondents could not have been misled thereby. (*Harrelson* v. *Miller & Lux, Inc.* (1920), 182 Cal. 408, 414 [188 P. 800].) Also while it is true that in appellant's objections he did not specifically request that the court determine what portion of the distributable estate constituted income and what portion constituted corpus, if it was in fact the duty of the court to make such determination, and if necessary, require additional information from the executor[2] to enable it to do so, the court's refusal so to do constituted

---

[2] As previously indicated the account of the executor and the supplementary stipulations of the parties set forth all of the data necessary to enable the court to make such determination.

error reviewable under a liberal interpretation of appellant's notice of appeal.

Thus we pass to a consideration of the merits of the appeal. Briefly stated the question presented is this: in decreeing distribution of an estate under a will bequeathing property in trust with power in the trustees to determine what is principal and what is income of the trust and what items should be charged or credited to either, may or should the probate court by its decree determine what portion thereof consists of income accumulated during probate and what constitutes corpus?

It is conceded by all parties that each of the primary income beneficiaries is entitled to receive from the trustee or trustees (subject to the right of such trustee or trustees to retain and accumulate income for the purposes stated in the provisions of the will creating the trusts), after the same comes into their hands, the income, if any, accumulated during the probate administration. As previously indicated however, the parties differ as to who possesses the power to determine what portion of the funds and property distributed to the trustees constitutes principal and what constitutes income; the appellant asserting that such determination should be made by the probate court in and by its decree of distribution and the respondents contending that the right to make such determination is vested exclusively in the trustees under the terms of the decedent's will.

Neither the research of counsel nor our own has brought to light any authority discussing the precise question which we have before us. The nearest in point are the cases in this state which have had occasion to consider the effect of a decree distributing assets to a trustee where no mention is made therein as to what, if any, part thereof constitutes predistribution income and what part is corpus, and these are not harmonious.

In the *Estate of Hill* (1957), hearing in Supreme Court denied) 149 Cal.App.2d 779 [309 P.2d 39], the will of the decedent named her husband John G. Hill as executor and trustee of a testamentary trust of which he was the principal income beneficiary during his life time. The first and final account and petition for distribution filed by the executor made no reference to the allocation or distribution of the probate income to the income beneficiaries designated by the will, and the decree of distribution made no specific reference to probate income, merely distributing all of the assets of the

estate to Mr. Hill as trustee "in pursuance of and according to the provisions of the last will of said deceased." Following the distribution of the estate to himself as trustee Mr. Hill filed 13 annual accounts and although he was entitled to receive 90 per cent of the income of the trust he made no claim to the probate income nor did he ask the court to distribute any part of it to the income beneficiaries including himself. Following his death his executrix filed the 14th account current on behalf of the deceased trustee and for the first time she allocated probate income accruing during the probate administration to the income account of the trust. Objections were filed to the 14th account and the trial court held, in effect, that the decree of distribution, not having segregated principal from probate income, operated as a final adjudication that the entire estate distributed to the trustee constituted principal or corpus and precluded any claim to any part thereof as income. In reversing the trial court's ruling the court said (p. 784) :

"The decree of distribution did not determine the issue. The decree should not do so, for the allocation is to be made by the trustee, not the executor, even though they be the same person. (*Estate of Dare*, 196 Cal. 29, 35 [235 P. 725].)

. . . . . . . . . . .

"The decree of distribution did not make an allocation between the corpus and the income. It merely distributed the probate income and other property to the trustee as an aggregate. Thereupon the trustee became obligated to make the appropriate allocation. (*Estate of Dare, supra,* 196 Cal. 29, 36; *Estate of Marré,* 18 Cal.2d 184, 190 [114 P.2d 586].)"

The holding that the decree of distribution, being silent as to predistribution income, did not operate as an adjudication as to what portion of the assets distributed to the trustee was income and what principal is, as we shall see, supported by the cited cases of *Estate of Dare* and *Estate of Marré*. However, the further statement that the decree should not undertake to make an allocation between principal and income because such "allocation is to be made by the trustee, not the executor," can hardly be said to find support in the authorities cited unless by the word "allocation" the court had reference to the payment of the distributable income after it came into the hands of the trustee. While not appearing from the opinion, an examination of the record in this case discloses that neither the will nor the decree of distribution vested any discretion in the trustee to determine what constituted income

and what principal. Moreover, in view of the court's conclusion that the failure of the decree to make mention of the predistribution income did not operate as an adjudication that no part of the estate distributed to the trustee constituted predistribution income, the latter statement that the decree should not undertake to make any adjudication with respect thereto is, strictly speaking, dicta.

In *Estate of Dare* (1925), 196 Cal. 29 [235 P. 725], neither the final account and petition for distribution nor the decree by which the residue of the estate was distributed to a testamentary trustee, made any mention of what portion thereof constituted principal and what income. Following the receipt thereof by the trustee, he filed his first account to which objections were filed by the income beneficiary. The probate court sustained the objections and ordered the trustee to file a new account "showing the corpus of said estate and the income therefrom separately from the date of death of testatrix until the receipt of said trust fund by said trustee." The trustee appealed from this order claiming that it was erroneous because it in effect constituted a modication of the decree of distribution which had become final. In rejecting this contention the Supreme Court held that the decree of distribution by failing to provide that the income beneficiary was entitled to income accumulated during the probate administration did not preclude such beneficiary from making claim to such income after the distribution thereof to the trustee, saying (p. 35):

"All the rest and residue of said estate was by the decedent devised to Frank W. Sponable as trustee under the trusts created by the terms of the decedent's said will. That said Frank W. Sponable was also the executor of the decedent's said will and of her estate is an immaterial incident, since in his capacity as executor he was invested with the title to none of the property nor with none of the powers and duties which were to devolve upon him upon the distribution to him of the entire residue of said estate in the capacity of such trustee. *This being so, no issue was presented or presentable as to what portion of the income derived from the property of said estate the primary beneficiary of said trust would be entitled to receive from the trustee thereof, nor as to what date the right to such income or any portion thereof was to take its beginning,* for the reason that no such trust had been cast upon Frank W. Sponable until the making and the entry of the decree of distribution of said estate to him in the

capacity of such trustee. .... It follows necessarily that nothing material to the questions here under consideration was concluded by the terms of the decree of distribution except the correctness of the executor's approved account and the amount of the residue of the estate to be distributed to said trustee.'' [Emphasis added.]

In *Estate of Marré* (1941), 18 Cal.2d 184 [114 P.2d 586], pursuant to the terms of the decedent's will the residue of the estate was distributed to trustees who were authorized and directed to pay out of the net income of the trust estate such part thereof as the trustees in their discretion should deem advisable to or for the proper care, maintenance, support and education of a named minor beneficiary. The decree of distribution did not segregate income from principal. Some two years or more after the entry of the decree of distribution the minor beneficiary filed a petition asking that the court direct the trustees to make certain payments to reimburse him for expenses incurred for support, maintenance and education during the period prior to the entry of the decree of distribution. This petition was granted by the probate court and the trustees were ordered to make payments totaling $650 for expenses incurred by the beneficiary during the period between the date of decedent's death and the entry of the decree of distribution. No question was there raised as to whether the decree of distribution in failing to make mention of the pre-distribution income constituted an adjudication that the entire estate distributed to the trustees was principal. However, upon appeal, the Supreme Court necessarily assumed that the decree of distribution was not res judicata of the right of the minor beneficiary to receive income from the date of death, for it affirmed the probate court's order insofar as it recognized his right to receive such income. It, however, modified the order insofar as the probate court undertook to fix the amount of such income which the trustees should pay to the beneficiary inasmuch as the will expressly provided that he was to receive only so much of the income "as said trustees shall in their sole judgment deem advisable.''

In the *Estate of Tynan*[3] (1954), 129 Cal.App.2d 364 [276 P.2d 809], on the contrary, it is squarely held that a decree distributing the residue of an estate to the testamentary

[3]Although this case was cited in the briefs filed in the *Estate of Hill, supra,* no mention thereof appears in the opinion in the latter case. It was likewise cited in the petition for hearing in Hill which, as previously noted, petition was denied by the Supreme Court.

trustee which failed to specify what portion of such residue is principal and what portion is income constituted an adjudication that the whole thereof was principal and that after distribution to the trustee an income beneficiary could not claim that any portion thereof was predistribution income. The court there said (pp. 366-367):

"It is true, as appellant contends, that he was not entitled to compel payment of income during probate. . . . That did not preclude the probate court from determining, in its decree of distribution, what was corpus and what was not, under its duty to 'name the persons and the proportions or parts to which each is entitled.' (Prob. Code, § 1021.) Appellant was a 'person interested in the estate' and as such entitled to appear and 'resist the application' for distribution. (Prob. Code, § 1020.) He was one of the 'heirs, devisees and legatees' as to whose 'rights' the decree became conclusive. (Prob. Code, § 1021.) Thus, it has been held that an issue concerning income which accrued during probate administration may be raised upon appeal from a decree of distribution (*Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825]; *Estate of Dasher*, 53 Cal. App.2d 721 [128 P.2d 380]; *Estate of Schiffman*, 86 Cal.App. 2d 638 [195 P.2d 484].)"

The reason assigned for the conclusion that the probate court was required by its decree of distribution to determine what was corpus and what was not, namely, because of "its duty to name the persons and the proportions or parts to which each is entitled" is not persuasive in view of the fact that where property is bequeathed to a trustee, he and he alone is the person "entitled" thereto, and the court is without power to make distribution to the beneficiary or beneficiaries of the trust. (*Estate of Hardy* (1943), 62 Cal.App.2d 958, 961-962 [145 P.2d 910].)

Subsequent to its decision in the *Estate of Tynan* the same court had occasion to again consider the same question in the *Estate of de Laveaga* *(Cal.App.), 317 P.2d 147, and reached the same result. However, a petition for hearing was granted by the Supreme Court and the cause is now pending therein.

In *Estate of Platt* (1942), 21 Cal.2d 343 [131 P.2d 825], by the petition for final distribution the probate court was asked to interpret the terms of the trust created by decedent's will concerning the date from which the trustee should com-

*A hearing was granted by the Supreme Court on December 30, 1957. The final opinion of that court is reported in 50 Cal.2d —— [326 P.2d 129.]

mence payments to the decedent's widow, an income beneficiary, and to instruct the trustee as to its duties regarding the priority of payments of income between herself and the decedent's son, the other income beneficiary. Seemingly no question was raised as to the right of the probate court to consider these questions and the opinion is devoid of any discussion with respect thereto. And it is to be noted that the probate court was not there requested to, and did not undertake to determine what portion of the estate distributable to the trustees was corpus and what portion was income, but simply to interpret the terms of the trust with respect to (1) the widow's right to receive income from the date of decedent's death and (2) the allocation of the income between herself and the other income beneficiary in the event that it proved insufficient to pay the widow $3,000 in any one year. Neither does it appear from the opinion that the will there vested in the trustees discretion to determine what constituted income and what principal. This decision therefore, is not of too much assistance to us here as it goes no further than to declare that upon a hearing of a final account and distribution the court may determine the question whether or not income beneficiaries are entitled to receive from the trustee after distribution, income accrued during the period of probate administration. No such question was or is raised here.

In the *Estate of Dasher* (1942), 53 Cal.App.2d 721 [128 P.2d 380], an appeal was taken from a decree of distribution which distributed income accrued during the period of probate administration, directly to the life beneficiary, the appellant contending that, under the terms of the will there, the beneficiary was not entitled to income until after distribution of the trust estate to the trustees and also that the court was without power to determine the amount of net income from the trust and to order payment of the same to the beneficiary prior to the distribution to the trustees. The order was affirmed but it does not appear that the trustees there were vested with any discretion to determine what constituted principal and what constituted income. Insofar as the opinion approves distribution of income directly to the beneficiary rather than to the trustee, it is contrary to the established rule of decision in this state (*In re Mackay,* 107 Cal. 303 [40 P. 558]; *Estate of Dare,* 196 Cal. 29 [235 P. 725]; *Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586]; *Estate of Platt,* 21 Cal. 2d 343 [131 P.2d 825]; *Estate of Hardy,* 62 Cal.App.2d 958 [145 P.2d 910]); but the court was apparently of the view

that under the circumstances, there being no dispute as to the amount of the income nor the beneficiary's right to receive the same, no prejudice resulted.

In *Estate of Schiffmann* (1948), 86 Cal.App.2d 638 [195 P.2d 484], by the final account and petition for distribution the executor petitioned the court for instructions as to whether the trustee, under the provisions of the trust created by the will, was entitled to income accrued from the date of death for distribution to the income beneficiary. In accordance with the rule announced in the *Estate of Platt, supra,* the executor was instructed that the trustee was entitled to such income, which by the decree was defined to be gross income and interest thereon from date of receipt by the executor, without deductions for "costs of administration, estate taxes, inheritance taxes and income taxes." An examination of the record discloses that the will there did not confer upon the trustee discretionary power to determine what constituted income and what principal, and upon appeal no question was raised as to the power of the probate court to determine by its decree the right of the trustee to income from the date of death or to determine what constituted such income.

We do not find it necessary to choose between the divergent views expressed in the foregoing cases for insofar as we have been able to ascertain, none involved a testamentary trust wherein the power to determine what constituted income and what principal, was conferred upon the trustees, and none of these cases undertake to consider or discuss the effect of such a provision upon the question here presented. Nor is there here any necessity to consider the effect of a decree distributing the residue of the estate to trustees which decree is silent with respect to predistribution income, for the decree here not only expressly declares that nothing therein contained is to be deemed as constituting a determination as to what part of the estate distributed to the trustees of the respective trusts constitutes corpus and what part income, but further provides that this question is to be determined by the trustees pursuant to the discretionary power vested in them by the terms of the decedent's will. Therefore there is no possibility that it could ever be construed as constituting an adjudication upon this issue. And that the probate court is not required by its decree to determine what portion of the distributable estate is income and what is principal is recognized in the *Estate of Tynan, supra,* where at page 367 it said:

"There have been cases in which the decree of distribution

did not determine the issue of income received during probate, leaving that open, hence not precluding later litigation concerning it. (See *Estate of Dare,* 196 Cal. 29, 36 [235 P. 725]; *Estate of Marré, supra,* 18 Cal.2d 184; *Estate of Markham,* 28 Cal.2d 69 [168 P.2d 669].) Such are the cases which appellant invokes. They are not this case.''

■ It is unquestionable that a testator may, by the terms of his will creating a trust, confer upon his trustees discretionary power to determine what is income and what is principal and what shall be charged against or credited to either. (*Estate of Jacks* (1947), 80 Cal.App.2d 562 [182 P.2d 605].) In the cited case the appellant income beneficiary of a testamentary trust undertook to challenge the propriety of the trustees charging certain expenditures against income, contending that if the items were normally chargeable against corpus, the discretion conferred upon the trustees did not permit them to charge the items against income. In rejecting this argument, the court said (pages 567-568):

''Appellant has misconceived the legal effect of the clause conferring discretion on the trustees in determining whether particular items should be charged against income or corpus. If appellant's first argument above mentioned were sound, the clause in question might just as well have been omitted from the will and decree. Both reason and authority compel the conclusion that where such discretion is conferred upon· trustees the exercise of such power will not be interfered with by the courts, even if the court would have exercised the power conferred differently, in the absence of a showing that the trustees acted dishonestly or from an improper motive, or acted beyond the bounds of a reasonable judgment.

''That this is the law is demonstrated by the provisions of our California Principal and Income Act of 1941. (Stats. 1941, p. 2476, ch. 898; 3 Deering's Gen. Laws, Act 8696.) Section 2 of that act provides: 'This act shall govern the ascertainment of income and principal, and the apportionment of receipts and expenses between tenants and remaindermen, in all cases where a principal has been established with . . . the interposition of a trust; except that in the establishment of the principal provision may be made touching all matters covered by this act, and *the person establishing the principal may himself direct the manner of ascertainment of income and principal and the apportionment of receipts and expenses or grant discretion to the trustee or other person to do so,* and

such provision and direction, where not otherwise contrary to law, shall control notwithstanding this act. *The exercise by the trustee or other designated person, of such discretionary power if in good faith and according to his best judgment, shall be conclusive, irrespective of whether it may be in accordance with the determination which the court having jurisdiction would have made.'* " (Emphasis the court's.) (80 Cal. App.2d 567-568.)

While recognizing the power of the testator to vest such discretion in his trustees, the appellant argues that this extends only to income earned or accrued subsequent to the distribution of the estate to the trustees. No reason is assigned in support of this contention and we see none. If it is to be assumed that the testator, when creating a testamentary trust, and absent any provisions in the will indicating otherwise, intends that the right of the beneficiary to income shall accrue as of the date of death (*Estate of Platt, supra*), it seems equally logical to assume, absent a provision in the will to the contrary, that when conferring discretionary power upon his trustees to determine what constitutes income and what principal he intended such power to extend to income accruing both before and after distribution of the estate to the trustees. The residuary assets available for distribution, regardless of what part is or may be classified as income and what part principal, are in any event distributable in their entirety to the testamentary trustees, not to the income beneficiaries. (*Estate of Peterson* (1949), 92 Cal.App.2d 677 [207 P.2d 607].) In that case the income beneficiary of a testamentary trust appealed from an order which distributed a fund to the trustee, contending that part of the fund was income received by the executor and that such part should be distributed to her. In rejecting this contention, the court said (pp. 682-683):

"The question as to whether the disputed fund should be distributed to the trustee or to appellant does not involve in any way a determination of whether the fund is income or corpus. That is so because whether or not that fund is income or corpus, it had to be distributed to the trustee. It has long been the law of this state that income accruing prior to distribution is distributable along with the corpus in the hands of the executor to the trustee regardless of whether or not the life beneficiary may be entitled to receive that income from the trustee. (*In re Mackay*, 107 Cal. 303 [40 P. 58]; *Estate of*

*Dare,* 196 Cal. 29 [235 P. 725]; *Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586]; *Estate of Platt,* 21 Cal.2d 343 [131 P.2d 825]; *Estate of Hardy,* 62 Cal.App.2d 958 [145 P.2d 910].) It therefore follows that the questioned fund was properly distributed to the trustee whether or not it was income.''

Moreover, as pointed out in respondents' brief, the issue as to what portion of the estate distributed to the trustees constitutes income is of concern only to the income beneficiaries upon the one hand, and the remaindermen on the other. It is of no concern to the executor for, regardless of how it may ultimately be resolved, his sole duty is to account for and deliver to the trustees all of the funds and assets available for distribution to them.

The foregoing aside, we fail to see how the appellant is or can be prejudiced by the decree appealed from. On the one hand it safeguards him against any possibility that at some future time it may be contended that the decree constitutes an adjudication as to the amount of, or his right to receive pre-distribution income distributed to the trustee, and on the other hand it recognizes and gives effect to the discretionary power vested in the trustees by the terms of decedent's will to determine this question. If the trustee should abuse his discretion in making such determination or fail or refuse to pay over to appellant such portion of such income to which he is rightfully entitled, he has a ready and effective remedy.

While not prepared to say, as did the court in *Estate of Hill, supra,* that the probate court may not in any instance, when distributing residuary assets to a trustee, determine what portion thereof constitutes income, we conclude that in making such distribution of residuary assets to a testamentary trustee vested with discretionary power to determine what constitutes income and what principal, the probate court properly may and should reserve any determination as to this issue, and commit the determination thereof to the trustee in the exercise of the discretionary power conferred upon him.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 7, 1958. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.